Texas & Pacific Railway Company v. Andrew Barrett.

Decided May 19, 1900.

Railway Company—Trespasser on Track—Permissive Use.

One who is negligently injured by a moving engine while he is walking between the tracks of a railway company in its yards, is not precluded from recovering therefor because of his being a trespasser there, where the yard employes knew and had long known that people walked day and night constantly along the track where such injury occurred, and never objected to such use of the yards.

Appeal from Fannin. Tried below before Hon. A. P. Parks, Special Judge.

*T. J. Freeman* and *Head, Dillard & Muse,* for appellant.

*William A. Bramlette, J. C. Meade,* and *Taylor & McGrady,* for appellee.

Hunter, Associate Justice.—This case is fairly stated by appellant's counsel in their brief, as follows: "In this case plaintiff sued defendant to recover damages for personal injuries. Substantially and

briefly stated, the allegations in plaintiff's petition are as follows: That early on the morning of February 12, 1898, plaintiff was going to his place of work; that he was going west between two tracks of defendant, and when at a point about 200 yards west of defendant's depot, and while so walking between such tracks, he received personal injuries through the negligence and wantonness of defendant. That defendant's employes who were in charge of an engine were running and propelling such engine on the track just north of plaintiff at a dangerous rate of speed. That said employes were carrying on the rear end of the tender attached to said engine a piece of heavy iron, and that the end of such iron projected several feet toward the south from such engine. That the engine was going east. That plaintiff was walking a sufficient distance from such engine and south of it to let it pass him in safety, had it not been that such iron rail projected to the south. It was also alleged that the employes of defendant in charge of the engine discovered the peril of the plaintiff in time to have prevented injuring him, if they had used ordinary care.

"The defendant answered by special denial and special plea to the effect that plaintiff knew of the danger or could have known of it, by the use of ordinary care, and that he failed to use reasonable and proper care for his own safety. That plaintiff was warned of his danger in ample time to have avoided getting hurt, and that plaintiff was wrongfully on defendant's premises. On the 29th of August, 1899, the case was tried before a jury and resulted in a verdict and judgment in favor of plaintiff for $1000," and hence this appeal.

The evidence tended to establish the material allegations of plaintiff's petition, and that it was dark at the time the injury occurred, and there being no light in the yard the plaintiff could not see the projecting rail or switchpoint. It was not sufficient to establish contributory negligence on the part of the plaintiff, nor that he was a trespasser at the time, for by long permissive use the plaintiff and the public had acquired a license to walk over the yards, along and between the tracks, when and where plaintiff was injured.

This permissive use was proved by showing that the yard employes of defendant company knew and had known for a long time that people walked day and night and continuously over the yards and along between the tracks where plaintiff was hurt, and had never objected to it. This evidence was objected to by defendant company at the time, upon the ground that such employes could not give consent to such use, but we think that the evidence was competent to establish the fact, and the first assignment is therefore overruled. This also disposes of the second assignment, which complains of the court's charge based on the same testimony.

We find no error in the court's charge, and all the assignments complaining thereof are overruled. Those complaining of the court's refusal to give special instructions asked by defendant are not well taken, because where the special charge requested was correct, we think it had

been already sufficiently given, and some we think should not have been given, because incorrect. Nor do we deem it necessary, or consider that it would be profitable, to discuss the legal questions raised by said assignments, as they are questions which have long been considered as settled in this State.

The verdict was fully sustained by the evidence, and finding no error in the proceedings, the judgment is affirmed.

*Affirmed.*

Writ of error refused.