SIDNEY SELF, Respondent, v. FRANK A. WHITE et al., Appellants.

Kansas City Court of Appeals, March 3, 1913.

1. **MASTER AND SERVANT: Equal Knowledge: Concealment: Foreman's Order.** Lumber was being piled by an employee on a platform which stood on a foundation of wood. The foreman of the yard heard the foundation crack, which alarmed him so that he ordered the man down off the pile, saying it was unsafe. Plaintiff, another employee, was working fifty feet away and came over to the pile and asked what was the matter, when the foreman told him the pile was "creeling," but did not tell him he had heard the cracking noise in the foundation. He suggested to plaintiff a plan of bracing the pile, which would make it necessary for plaintiff to crawl under the pile for a measurement. Plaintiff suggested another plan making it unnecessary for him to go under. The foreman rejected plaintiff's plan and ordered him to go on with his. Plaintiff then crawled under and while there the pile fell upon him. *Held,* that the parties were not upon equal footing; and that it was a question for the jury whether, considering the foreman's order, the danger was so glaring and imminent that plaintiff as a reasonable man should have refused to go under.

2. **COMMON LAW: Foreign State: Statute: Proof.** Where a plaintiff pleads that the common law is in force in a foreign State by reason of its being adopted by a statute of that State, he must prove the statute at the trial.

3. ———: ———: ———: ———: **Waiver: Answer: Instructions.** Where a plaintiff pleads the common law is in force in another State by reason of being adopted by a statute of that State, and though the answer contains a general denial, yet if it proceeds and sets up common law defenses, and the defendant asks instructions on common law defenses, it is in effect an admission that the common law is in force in that State, and the statute need not be proved.

4. ———: ———: ———: **Prosecution: Defense.** If a common law action is brought on a cause arising in a foreign State, and is prosecuted as such in another State, the defense also may be based on the law of the foreign State.

5. **PLEADING: Release: Defense: Withdrawal: Insurance Company.** The defendant pleaded a release of an action for personal injury. The plaintiff by reply alleged the release was obtained by misrepresentation that the paper was an application to get the money defendant had paid plaintiff's doctor, from an insurance company. Defendant then moved to strike out the reply, which was overruled. Defendant then withdrew the defense on the release, and claimed on appeal that it was an involuntary withdrawal for the reason that as the court refused to strike out the reply it would enable plaintiff's counsel to get to the jury information that an insurance company was indemnifying defendant. *Held*, that defendant had no cause of complaint.

6. **VERDICT: Excessive Damages.** In view of the fact that the trial court had directed a remittitur of $2500 from a verdict of $10,000, it was *held* that the verdict was not excessive.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield*, Judge.

AFFIRMED.

*Battle McCardle* for appellants.

(a)    The cause sued on accrued in the State of Kansas. An action thereon, can be maintained in Missouri only by virtue of some law of Kansas creating a right of action. The petition pleads specifically that by virtue of the General Statutes of the State of Kansas the common law obtained in that State at date of alleged injuries. But plaintiff failed to introduce in evidence such statutes and failed to prove that fact.

For such reason he failed to establish a right of action in the State of Missouri. The State of Kansas was carved from territory acquired from France, where the common law never obtained. In the case at bar it could not be presumed by the circuit court either that the common law obtained in Kansas, or that the statutes of Kansas gave plaintiff a right of action enforceable in the State of Missouri. Mathieson v. Railroad, 219 Mo. 542; Gibson v. Railroad, 225 Mo. 473; Ham v. Railroad, 149 Mo. App. 200. (b) The danger of undertaking to brace the pile was so open and obvious that plaintiff, as a matter of law must be held to have assumed it. He could not and did not rely upon any assurance of his foreman that there was no danger. Coin v. Lounge Co., 222 Mo. 488; Epperson v. Postal Tel. Co., 155 Mo. 346; Knorrp v. Wagner, 195 Mo. 637; Whaley v. Coleman, 113 Mo. App. 598; Myers v. Glass Co., 129 Mo. App. 557; Pulley v. Oil Co., 136 Mo. App. 172; Slagel v. Lumber Co., 138 Mo. App. 432; Showalter v. Fairbanks, Morse & Co., 88 Wis. 376; Zentz v. Chappel, 103 Mo. App. 208.

*Kimbrell & White* for respondent.

Having pleaded the common law, tried the case on that theory, and then having had the benefit of eleven instructions based upon that law, it is now too late to raise the point of no proof of that fact. Chinn v. Taylor, 182 Mo. 594; Kilpatrick v. Wiley, 197 Mo. 171; Deschner v. Railroad, 200 Mo. 310; Horgan v. Brady, 155 Mo. 668; Walker v. Owen, 79 Mo. 567; Hopkins v. M. W. O. A., 94 Mo. App. 402; Keller v. Life Ins. Co., 198 Mo. 455; Mirrilees v. Wab., 163 Mo. 485; Black v. Railroad, 172 Mo. 177; Phelps v. City, 161 Mo. 1.

ELLISON, P. J.—Defendants are owners of lumber and yards in which it is piled. Plaintiff was in their employ. He was injured by a pile of lumber

falling upon him. He obtained a verdict for $10,000. The trial court required a remittitur of $2500 and rendered judgment for $7500. Defendant appealed.

Parts of the yards were on ground of quite uneven surface, which made it necessary to make a level platform, upon which to pile lumber, higher from the ground on one side than the other. That was the condition of the platform involved in this controversy. This building up was called the foundation. Two men were engaged in piling lumber on this platform, one on top the pile and the other handing up to him. Plaintiff was at work at something else about fifty feet away. The foreman was present and had been around the platform and heard the foundation make a noise, or, as he expressed it, "give a crack," which made him know something was wrong with it, and he directed the man on the pile to come down. Plaintiff heard him tell the man it was not safe and to get down, but not having heard the crack the foreman heard, he came over to the pile to see what the trouble was. The foreman said to him, "I don't believe this pile is going to hold the lumber; what do you think about it?" Plaintiff asked what was the matter and the foreman said he believed the front of the pile was "creeling a little," and suggested bracing it; but he did not tell him he had heard the crack as though giving way. He told him to get a brace, go under the pile and measure the proper length to cut it and then brace the pile in the center, by placing the foot of the brace against a fence post. Plaintiff suggested that it would be safer to first put braces at either corner, which it seems would have avoided going under the pile as directed by the foreman. The foreman ordered him to do as directed. Plaintiff then went under, and while there on his hands and knees the lumber fell upon him, inflicting serious injury.

As much of the defense is based upon the idea that plaintiff knew and could see as much of the danger as

the foreman, and that the danger was glaring and imminent, it is important to keep in mind that the foreman concealed from plaintiff the fact that he heard the cracking of the foundation, and that that was what alarmed him so that he called the man off of the pile. We think it too plain for discussion that the parties had not an equal knowledge of conditions. And when to this is added the foreman's rejecting plaintiff's suggestion, which, if adopted, would have saved the risk of crawling under the lumber, and then ordering him to go under, it is difficult to see how the jury could have come to any other conclusion than that at which they arrived. [Jewell v. K. C. Bolt & Nut Co., 231 Mo. 176, and cases therein discussed; Adolff v. Columbia Co., 100 Mo. App. 199.] Where the evidence is conflicting we must, since the verdict, accept that for plaintiff as the facts of the case. In this view the authorities cited for defendants are not applicable.

The scene of the injury was in the State of Kansas and the action is based on the common law, which it is alleged in the petition is in force there by reason of a statute of that State. It seems that plaintiff, in view of defendants' answer or for some other reason, neglected to make proof of the statute, as, ordinarily, he should have done. [Gibson v. Railroad, 225 Mo. 473; Mathieson v. Railroad, 219 Mo. 542.]

But we have concluded, in the circumstances here, it was not necessary. The answer, while making a general denial, which would put the existence of the statute in issue, went further and set up one or more common law defenses, thus in effect admitting or conceding that the common law was in force in that State. For, as the action was founded on the common law, so also would the defense, in cases of the nature of this, be based on that law. Defendants went further than this and asked of the court several instructions of defense under that law and at no time during the trial was the failure to make proof of the Kansas statute

mentioned. Indeed the face of the proceeding at the trial was a concession that the common law was in force in Kansas. Defendants cannot acquiesce in and take part in one theory in the trial and then tread back upon his opponent in an appellate court by a different one; a general demurrer to the evidence will not obviate the necessity for specific objections. [Chinn v. Naylor, 182 Mo. 1. c. 594; Keller v. Ins. Co., 198 Mo. 1. c. 455; Mirrielees v. Railway Co., 163 Mo. 1. c. 485.]

Defendants pleaded a release by plaintiff from the action. Plaintiff's reply admitted signing a paper, but proceeded to set forth matters which, if proved to be facts, would avoid it as a release. These were that the paper was misreprsented to him and that he, being old, could not see as he did not have his spectacles, and was compelled to rely upon the statement made to him. The misrepresentation consisted in telling him that the purpose of the paper was to enable defendants to collect from an insurance company the money thay had paid for the doctor who had attended him. They moved to strike out this reply and the court overruled the motion. They then withdrew the plea of release, and now complain they were forced to do so.

The cause of such action, which they characterize as involuntary, is stated to be that if the statement about the insurance company remained, it would authorize plaintiff's counsel to refer to it in his statement to the jury and also during the course of the trial and thus the jury would come to know that defendants were insured and that an insurance company was to indemnify them for whatever verdict might be rendered against them.

It is doubtless true that a defendant's case may be prejudiced by getting information to a jury that an indemnifying insurance company is, in some sense, the real defendant; and judgments are some times

held for naught because this information has been improperly brought into the case for wrongful purposes. [Gore v. Brockman, 138 Mo. App. 231; Trent v. Printing Co., 141 Mo. App. 437.]

But for the purpose of present consideration we must accept the allegation of the reply as true, or at least that it was made in good faith. If true, whatever result followed it would be the result of defendants' wrong in deceiving the plaintiff. If defendants had not withdrawn the issue thus presented, and it had turned out that the allegation had been designedly made so as to bring about a discussion which would improperly affect the jury, then perhaps plaintiff would have suffered at the hands of the court. [Gore v. Brockman, supra; Trent v. Printing Co., supra.] As the matter is presented, we cannot allow it to affect the judgment.

The remaining point concerns the charge that the verdict, even as reduced, is excessive. Considering the nature of the injury, its painful and permanent consequences and the fact that the trial court passed upon the question and determined upon what was thought to be a proper reduction, we conclude not to interfere further.

The judgment is affirmed. All concur.