## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. LAMKIN. (No. 2240.)

(Court of Civil Appeals of Texas. Texarkana. March 16, 1920. Rehearing Denied . April 1, 1920.)

**1. Trial ⚙═⟹352(5)—Interrogatory held not erroneous as embracing several questions.**

An interrogatory, "Now, if you have found in answer to the issues heretofore submitted that the defendant, S. L. Ry. Co., was negligent in any or all of the following respects, that is, etc., then was such negligence, if any, the proximate cause of the collision," held not erroneous as embracing several questions in one and requiring a finding upon several different issues of fact.

**2. Trial ⚙═⟹352(1)—Interrogatory held not on weight of evidence.**

An interrogatory submitted to the jury, "Now, if you have found that the defendant * * * was negligent in any or all of the fol-

lowing respects, that is, etc., then was such negligence, if any, the proximate cause of the collision and injuries to the plaintiff," held not erroneous as being on the weight of the evidence.

**3. Trial ⚙═⟹350(5)—On the facts, held not necessary. to submit proximate cause of collision at railroad crossing.**

In an action by one injured in a collision between a street car in which he was riding and defendant's train at a crossing, where the jury found in answer to interrogatories, that defendant's engineer in charge of the train discovered the perilous situation of the occupants of the street car in time to have avoided the collision and did not use all the means at command to prevent the collision, held, that the court might have assumed that such negligence was the proximate cause of the collision without submitting the question of proximate cause to the jury.

**4. Appeal and error ⚙═⟹1062(1)—Erroneous submission of interrogatories to jury harmless.**

If it appeared from answers to certain interrogatories that a certain negligent act was a proximate cause of injury, any error which the court might have made in submitting issues with reference to other proximate causes was harmless.

**5. Appeal and error ⚙═⟹1062(5)—Submission of immaterial issue not supported by evidence harmless.**

In an action by one injured in a collision between a street car in which he was riding and defendant's train at a crossing, where the testimony supported a finding that the engineer saw the perilous situation of the street car in time to have prevented the accident, it was immaterial that the evidence was insufficient to support the submission of an issue as to whether the engineer exercised ordinary care in approaching the crossing to look out for the presence of street cars and other vehicles.

**6. Trial ⚙═⟹76—Court did not abuse discretion in allowing witness to testify as expert in absence of timely objection.**

Court did not abuse its discretion in permitting a witness to testify as an expert concerning the distance within which a train could be stopped, where no objection as to the qualification of the witness was made until after the witness had answered the question.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by Grace Lamkin against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Crosby & Harrell, of Greenville, for appellant.

Clark & Sweeton, of Greenville, for appellee.

HODGES, J. In December, 1917, the appellee was injured in a collision between a

street car in which she was riding and one of the appellant's trains. The collision occurred at a point on Stonewall street in the city of Greenville where the appellant's line crosses the street car track. Suit was filed against both the appellant and the Greenville Railway & Light Company, a corporation which was operating the street car line, and a judgment recovered against both for the sum of $4,000. This appeal is prosecuted by the St. Louis Southwestern Railway Company of Texas alone.

As grounds for recovery against the appellant it was charged that its train was being run at an excessive and unlawful rate of speed, failing to give the statutory signals for the crossing, failing to keep a proper lookout for persons, cars, and vehicles at or upon the crossing, failing to stop or check the train after discovering the perilous position of the street car and its occupants, and failing to keep a flagman at the Stonewall street crossing for the purpose of notifying trains, street cars, and persons using that crossing of the approach of trains. It appears from the evidence that the street car after getting upon the railroad track stopped; that it was abandoned by the motorman, and afterwards struck by the train before the occupants could escape.

The case was submitted on special issues. After giving some general instructions and legal definitions, the following is the substance of the issues submitted and the answers of the jury: (1) The train was traveling at a higher rate of speed than six miles per hour as it approached the crossing on Stonewall street; (2) the engineer in charge of the train failed to exercise ordinary care when approaching the crossing to look out for persons, street cars, or other vehicles at that place; (3) if he had exercised such care, he would have discovered the approaching street car and the danger of a collision in time to have avoided the collision by the exercise of all the means at hand; (4) by the exercise of ordinary care in keeping a lookout the engineer could have discovered the street car and could have ascertained that it was not going to stop in time to have avoided a collision; (5) the engineer in charge of the train did discover the street car and the danger of a collision in time to have stopped his train and avoided a collision by the use of all the means at his command; (6) the engineer did not exercise all the means at his command to stop his train and avoid a collision; (7) the employés in charge of the train in approaching the Stonewall street crossing did blow the whistle and begin ringing the bell at a point 80 rods distant; (8) they blew no other whistle after passing a point 80 rods distant except the emergency; (9) a person in the exercise of ordinary care operating a railroad across Stonewall street, as the appellant did at that time, would have kept and maintained a flagman at that crossing for the purpose

of giving warning to trains, street cars, and persons using that crossing.

Interrogatory 12 is as follows:

"Now, if you have found in answer to the issues heretofore submitted that the defendant, St. Louis Southwestern Railway Company of Texas, was negligent in any or all of the following respects, that is, in failing to give the signals hereinbefore referred to in approaching said crossing, if they did; or in running at a greater rate of speed than six miles per hour as they approached said crossing, if they did; or failed to keep a lookout for street cars or other vehicles in Stonewall street while approaching said crossing, if they did; or in failing to use all means at their command to stop said train and avoid a collision after discovering the danger of a collision, if they did fail; or in failing to keep a flagman at the crossing where the collision occurred—then was such negligence, if any, the proximate cause of the collision and injuries to the plaintiff?"

[1-4] The first and second assignments of error complain of the manner in which the court submitted the issue of proximate cause in the interrogatory quoted. The objection was made that it embraced several questions in one and required a finding upon several different issues of fact, was a charge upon the weight of the evidence, and permitted the jury in answering to find negligence on the part of the appellant as the proximate cause of the injuries complained of without finding which particular act, or omission, on the part of the defendant, was negligence. It is further insisted that there was not sufficient evidence to justify the court in submitting some of the issues embraced in interrogatory 12. We are of the opinion that the charge is not subject to any of the objections urged. The jury were not required by the form of this interrogatory to answer it yes or no. If they believed that some of the acts of negligence found were not the proximate cause of the injury, they could have so answered by stating which were not. The categorical answer, yes, can have but one meaning—that in the opinion of the jury each of those acts and omissions was a proximate cause. The court had submitted separately each ground of negligence relied on by the plaintiff, and the jury had returned separate answers to each. They found that appellant's employés were negligent in several particulars, any one of which, if a proximate cause, was sufficient to require a judgment in favor of the appellee. Among others, the jury found that appellant's engineers in charge of the train discovered the perilous situation of the occupants of the street car in time to have avoided the collision. They further found that he did not use all the means at his command to prevent the collision after having made that discovery. His failure to use those means, if the result of negligence, was unquestionably, under the facts of this case, a proximate cause of the

collision, and the court might have assumed such to be the case without submitting it to the jury. St. Louis S. W. Ry. Co. v. Missildine, 157 S. W. 245. If that be correct, then any error which the court might have made with reference to other probable causes of the collision was harmless.

[5, 6] Under the third assignment of error, it is contended that the evidence was insufficient to support the submission of the second special issue; that is, did the engineer in charge of the train exercise ordinary care in approaching the crossing to look out for persons, street cars, and other vehicles? The jury answered that question in the negative. The testimony supported a finding that the engineer saw the perilous situation of the street car in time to have prevented the accident. If he did, the issue above mentioned was immaterial. It is further contended that the evidence did not justify submitting issue No. 6; that is, did the engineer exercise all the means at his command to stop his train and avoid a collision after discovering the situation of the street car? The jury answered that in the negative. It is true the engineer testified that he did exercise all of the means at his command, but there was other testimony which strongly tended to contradict that statement. The state of the evidence was such that we do not feel inclined to disturb the finding of the jury.

Assignments 6, 7, and 8 complain of the refusal of the court to submit other special issues. A portion of what is there requested was substantially incorporated in the issues which the court did submit; the other was immaterial in view of the findings made by the jury.

In the ninth assignment complaint was made that the court erred in permitting plaintiff's witness C. A. Duck to testify as an expert concerning the distance within which a train of the kind being operated on that occasion could be stopped. It is insisted that Duck was not, by his own admissions, an expert, not having had the experience which would have equipped him for giving such testimony. In approving this bill the court appended the following qualification:

"This bill of exception examined, signed, and approved and ordered filed as a part of the record in this cause this the 8th day of April, 1919, with the qualification that the objection was not made until after the witness had answered the question."

We are of the opinion that the court did not abuse his discretion in allowing the witness to testify as an expert.

The remaining assignments of error have been examined and are overruled.

The judgment will be affirmed.