**DEBES et al. v. GREENSTONE.**   (No. 884.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 2, 1923. Rehearing Denied Jan. 10, 1923.)

**1. Negligence ⚖️138(3)—Instructions confined to specific allegations.**

A general allegation of negligence is controlled and limited by the specific allegation, and plaintiff is not entitled to have submitted to the jury any issues except those predicated on the specific allegation.

**2. Appeal and error ⚖️930(3)—Judgment on mere affirmative finding on several issues grouped as one as to proximate cause of injury will not stand, where one of such issues improperly submitted.**

Where different issues of negligence, none of which constitute the proximate cause of the injury complained of as a matter of law, are grouped as one and submitted to the jury on the question of proximate cause, and the jury required to answer "yes" or "no" as to the whole, the most that can be said of an affirmative answer is that it indicates one of the issues submitted was found to be the proximate cause of the injury, and where an issue not raised by the pleadings has been improperly submitted, the court cannot say in order to sustain the judgment, that such improperly submitted issue was not the one found in support of the verdict.

**3. Trial ⚖️306—Jury's consideration of fact that defendant had indemnity insurance improper.**

Where the issues raised by the pleadings and the evidence do not involve the question of defendant's indemnity insurance, a consideration of that subject by the jury is generally reversible error.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Action by Sol Greenstone against James Debes and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

W. R. Blain, of Beaumont, and Vinson, Elkins & Wood, of Houston, for appellants.

Gordon, Lawhon & Pool, of Beaumont, for appellee.

WALKER, J. This was a suit by appellee against appellants for damages which he alleges were inflicted on him in the following manner:

"Plaintiff would further show that on or about said date, January 25, 1921, while on his way home from his place of business on Pearl street, Beaumont, Tex., to his home on Liberty avenue in said city of Beaumont, Tex., plaintiff was on the sidewalk at the intersection of Orleans street and Laurel avenue in said city of Beaumont, Tex., in front of Nathan's store, and while at said place the said Joe Mozulla, in the discharge of his duties as an employee of the defendants as hereinbefore set forth, drove one of defendants' motor trucks or wagons down Orleans street, going north, at a high and reckless rate of speed, to wit, 40 miles per hour, in violation of the ordinances of the city of Beaumont and of the laws of the state of Texas, and recklessly and carelessly drove said automobile truck or wagon onto the sidewalk at the intersection of Laurel avenue and Orleans street, and struck said plaintiff with some part of the said automobile truck or wagon, knocking plaintiff down and against a glass showcase in front of Nathan's said store, said truck striking plaintiff between the ankle and knee on the right leg.

"Plaintiff further represents that on said date, January 25, 1921, he was on the sidewalk at and near the intersection of Laurel avenue and Orleans street in the city of Beaumont, as hereinabove set forth, and the automobile truck belonging to defendants was being driven along Orleans street by the said Joe Mozulla while in the discharge of his duties to the defendants as hereinbefore set forth, and the said automobile truck was negligently and carelessly driven by the said Joe Mozulla upon the said walk at the intersection of Laurel avenue and Orleans street, and some portion of said automobile struck plaintiff between the ankle and knee of the right leg, the blow of said automobile truck or wagon breaking and crushing the bones in plaintiff's said right leg, and bruising and lacerating the flesh, tissues, tendons, blood vessels, and other parts and organs of said leg.

"Plaintiff further shows to the court that Orleans street and Laurel avenue are within the thickly populated and built-up business portions of the city of Beaumont, and especially at the intersection of said streets where plaintiff was injured as above set forth; that there is a heavy traffic of automobiles, wagons, vehicles, and pedestrians at the intersection of said streets at all times of the day, but especially is the traffic heavy between the hours of 6 and 7 o'clock p. m.; that plaintiff was injured between the hours of 6 and 7 p. m. on or about said date, January 25, 1921; that at said time the said Joe Mozulla, in the discharge of the duties of his employment of defendants was driving and operating defendant's said motor truck or wagon, drove the same down Orleans street, at an unlawful and dangerous rate of speed, to wit, at the rate of 40 miles per hour, said rate of speed being in violation of the ordinances of the city of Beaumont and of the laws of the state of Texas; that when said Joe Mozulla, operating said motor truck, as above set forth, reached the intersection of Orleans street and Laurel avenue, he attempted, as plaintiff believes and so alleges, to turn said truck into and down Laurel avenue west, and in making said turn he was traveling more than 8 miles per hour, to wit, 40 miles per hour in violation of the ordinances of the city of Beaumont and of the laws of the state of Texas; that while driving said car at said place plaintiff alleges that the defendants' driver negligently lost control of the said car, and by reason of the foregoing negligent and unlawful acts of defendants' said driver, said automobile was driv-

en upon the sidewalk at the intersection of said Laurel avenue and Orleans street and said automobile struck plaintiff on his right leg between the ankle and knee, crushing and breaking the bones of said leg, and bruising and lacerating the flesh, tissues, tendons, and other organs of said leg."

The issues of negligence thus raised by the pleadings were submitted to the jury by the following issues, which were answered as indicated:

"Issue No. 6. "Do you find from a preponderance of the evidence that the truck on the occasion in question was driven in a careful and prudent manner, and at a reasonable and proper speed, having regard for the traffic and use of such street or streets at the time? Answer as you find the facts to be." Answer: "No."

Issue No. 7. "Under the facts and circumstances of this case, do you find from the preponderance of the evidence that the driver of the truck was guilty of negligence on the occasion in question, in the driving or operation of said truck? Answer 'Yes' or 'No.'" Answer: "Yes."

Issue No. 8. "Do you find from a preponderance of the evidence that the speed at which the truck was driven on the occasion in question, was negligence? Answer 'Yes' or 'No.'" Answer: "Yes."

"Issue No. 9. "Do you find from a preponderance of the evidence that the driver of the truck on the occasion in question lost control of said truck? Answer 'Yes' or 'No.'" Answer: "Yes."

"If you have answered issue No. 9. 'Yes,' and only in that event, then you are asked: Issue No. 10. Under the facts and circumstances in this case was the driver of said truck guilty of negligence in losing control thereof? Answer 'Yes,' or 'No.'" Answer: "Yes."

Issue No. 11. "Do you find from a preponderance of the evidence that the manner in which the truck was operated, or the speed at which it was operated, or the driver's loss of control of the truck (if you have found that he lost control thereof), as the case may be, was the proximate cause of the injuries if any sustained by plaintiff? Answer 'Yes' or 'No.'" Answer: "Yes."

Issue No. 12. "Do you find that the driver of the truck on the occasion in question was operating the same in a careful manner? Answer 'Yes' or 'No.'" Answer: "No."

Issue No. 7, as submitted to the jury, had no basis in the pleadings. As we analyze appellee's petition, he relied on the following specific allegations of negligence: (1) That Joe Mozulla "recklessly and carelessly drove said automobile truck or wagon on the sidewalk at the intersection of Laurel avenue and Orleans street"; (2) that he "drove the same down Orleans street at an unlawful and dangerous rate of speed, to wit, at the rate of 40 miles per hour, said rate of speed being in violation of the ordinances of the city of Beaumont and of the laws of the state of Texas; (3) "that when said Joe Mozulla, operating said motor truck as above set forth, reached

the intersection of Orleans street and Laurel avenue, he attempted, as plaintiff believes and so alleges, to turn said truck into and down Laurel avenue west, and in making said turn he was traveling more than 8 miles per hour, to wit, 40 miles per hour in violation of the ordinances of the city of Beaumont and of the laws of the state of Texas;" (4) "that while driving said car at said place plaintiff alleges that the defendants' driver negligently lost control of the said car."

[1,2] If the petition makes a general allegation of negligence—which, in our judgment, it does not do—such allegation is controlled and limited by the specific allegations, and appellee was not entitled to have submitted to the jury any issues except those predicated on the specific allegations of his petition. The error in submitted issue No. 7 would have been harmless had the different issues of negligence been submitted separately as an issue of proximate cause. But this was not done. All the issues were grouped alternately in question No. 11, and the jury requested to answer "Yes" or "No."

In Railway Co. v. Lamkin (Tex. Civ. App.) 220 S. W. 179, the issues of proximate cause were grouped in one question, but the jury were not required to answer "Yes" or "No." Speaking for the court, Judge Hodges said:

"The jury were not required by the form of this interrogatory to answer it 'Yes' or 'No.' If they believed that some of the acts of negligence found were not the proximate cause of the injury, they could have so answered by stating which were not. The categorical answer, 'Yes,' can have but one meaning—that in the opinion of the jury each of those acts and omissions was a proximate cause."

In this case, as the court instructed the jury to answer this question "Yes" or "No," the most we can say of their verdict is that one of the issues submitted was found by them to be a proximate cause. The first part of question 11 submitted an issue not raised by the pleadings, and a finding on that issue could not sustain the judgment. We cannot say that this was not the issue which the jury found in appellee's favor. Neither of the other acts of negligence submitted in question 11 was, as a matter of law, a proximate cause of plaintiff's injury, as was found by the court in Railway v. Lamkin, supra. For the error indicated, we are unable to affirm this judgment.

[3] While the jury was deliberating on its verdict, something was said about the defendants being protected by indemnity insurance. This issue was not raised by the pleadings nor by the evidence, and under such circumstances its consideration by the jury is generally held to be reversible error. Trent v. Lechtman Printing Co., 141 Mo. App. 437, 126 S. W. 238; Levinski v. Cooper (Tex. Civ. App.) 142 S. W. 960; Gore v. Brockman, 138 Mo. App. 231, 119 S. W. 1082; Houston Car Wheel & Machine Co. v. Smith (Tex. Civ.

App.) 160 S. W. 435. But in this case, on motion for new trial, the trial court went fully into the question and heard testimony of the jurors. We believe that their evidence shows affirmatively that appellant suffered no injury because this question was incidentally mentioned by the jury. Under the holding of this court in West Lumber Co. v. Tomme et al. (Tex. Civ. App.) 203 S. W. 784, this assignment does not present reversible error.

For the error of the court in submitting issue No. 7 to the jury on the question of proximate cause, the judgment of the trial court is reversed, and this cause remanded for a new trial.