## PULLMAN CO. v. BERKMAN.
### No. 2577.

Court of Civil Appeals of Texas. Beaumont.
May 4, 1934.

Rehearing Denied May 9, 1934.

Andrews, Streetman, Logue & Mobley, of Houston, and W. G. Reeves, of Beaumont, for appellant.

W. R. Blain and D. E. O'Fiel, both of Beaumont, for appellee.

WALKER, Chief Justice.

On or about April 20, 1932, appellee, D. G. Berkman, an old and infirm man ninety-three years old, purchased a ticket from appellant, the Pullman Company, entitling him to transportation from Seattle, Wash., to Beaumont, Tex. About 1:30 a. m. of the day following the purchase, while appellant's passenger, appellee fell through an open door in appellant's pullman train and suffered the injuries sued for herein, for which the jury allowed him damages in the sum of $1,400. The appeal has been duly prosecuted from the judgment in appellee's favor for that sum.

Appellee made the following general allegations of negligence against appellant: That his damages and injuries "were caused by reason of the fact that the said defendant, its agents and employees did not exercise that degree of care commensurate with the responsibility which it had thus voluntarily assumed, and taken the plaintiff as a passenger with his physical infirmities as they existed and appeared at the time, and did not bestow such attention and care upon the plaintiff under the circumstances as would reasonably insure the safety of the said plaintiff, in view of his said physical condition." The general allegations of negligence were explained, limited, and qualified by the plea of the following particular acts of negligence, to wit, that appellant, its agents, and employees were guilty of negligence (1) in failing to be at their post of duty so as to attend to the wants of plaintiff; (2) in failing to cause their said car to be properly and sufficiently lighted during the nighttime; and (3) in permitting the doors and apertures of said car to remain open while in motion. In Debes v. Greenstone, 247 S. W. 289, 290, this court said:

"If the petition makes a general allegation of negligence—which, in our judgment, it does not do—such allegation is controlled and limited by the specific allegations, and appellee was not entitled to have submitted to the jury any issues except those predicated on the specific allegations of his petition."

See, also, City of Fort Worth v. Ware (Tex. Civ. App.) 1 S.W.(2d) 464, and the many authorities cited therein. Under this proposition of law it was reversible error over appellant's objection to send appellee's cause of action to the jury on the following issue of negligence:

### Special Issue No. 6.

"From the preponderance of the evidence, find whether at and before the injury, if any, occurred to plaintiff, the defendant Company, its agents and employees, failed to render the Plaintiff such assistance, if any, as was necessary?

"Answer 'yes' or 'no' as you find the facts to be."

This was the only question submitting the issue of negligence against appellant and it was excepted to on the ground that "it is in the nature of a general charge and is in the nature of a general inquiry as to the negligence of the defendant when the plaintiff has specially pleaded the negligence of defendant with particularity."

On the issue of contributory negligence the jury found that appellee "failed to observe where he was going upon the occasion in question and immediately prior to the accident" and by its answer to question No. 14 that such failure was negligence, and by its answer to question No. 15 that such negligence was not "the sole proximate cause of the injuries received by plaintiff." Under this submission of contributory negligence the trial court erred in refusing the following question duly requested by appellant:

"If you have answered special issue No. 14 'yes,' then was such negligence a proximate cause of the injuries, if any, received by the plaintiff? Answer yes or no."

The evidence clearly raised the issue that the negligence of appellee was "a proximate cause" of his injuries and it was an undue limitation upon the rights of appellant to limit its defense to "the sole proximate cause" as submitted by question No. 15.

In view of the disposition we are making of this case, it is not necessary to discuss appellant's propositions that (a) it was entitled to an instructed verdict on the grounds that appellee failed to establish against it any of the acts of negligence pleaded by him, (b) if negligence was shown, his evidence failed to raise the issue of proximate cause, and (c) the evidence, as a matter of law, convicted appellee of contributory negligence.

For the errors discussed, the judgment of the lower court is reversed and the cause remanded for a new trial.