### AMERICAN NAT. INS. CO. v. MASSENGALE.

### No. 4754.

Court of Civil Appeals of Texas. Amarillo.

April 26, 1937.

Frank S. Anderson, of Galveston, and Hamilton & Fitzgerald and John M. Deaver, all of Memphis, for appellant.

C. Land, of Memphis, for appellee.

JACKSON, Justice.

On June 3, 1935, the appellant, the American National Insurance Company, issued to Ben F. Massengale a life insurance policy in the sum of $500, payable to his wife, Lettie T. Massengale, on the death of insured, who died December 13, 1935.

On May 26, 1936, the appellee on sufficient pleadings instituted this suit in the district court of Hall county to recover the amount of the policy, together with 12 per cent. damages and $150 attorneys' fees, which she alleged to be reasonable.

The appellant answered by general demurrer, general denial, and pleaded as defense that on May 26, 1935, the insured made an application in writing upon which the policy was issued, stating in the application he had no physical defects, had suffered no disease during the three years preceding his application; alleged that such representations were false and fraudulent when made, because Ben F. Massengale was and had been for some time prior to the issuance of the policy suffering with a serious heart disease and high blood pressure, and on said date was of unsound health, which continued until his death; that such representations were material, rendered the insured an undesirable risk, and but for such representations the policy would not have been issued. The appellant, in connection with the allegations of fraud and misrepresentations, pleaded certain provisions of

the application, which, it asserted rendered the policy void.

The appellee replied by supplemental petition, denying the allegations of fraud, and alleged that the insured had fully informed appellant's duly authorized agent of his physical condition and such agent had advised that he was an insurable risk and filled out the necessary papers, which the applicant signed, and by reason thereof the appellant is estopped to urge such misrepresentations or the condition of appellee's health as a defense to its policy.

In response to special issues submitted by the court, the jury found in substance that the insured had not fraudulently misrepresented the condition of his health in his application for insurance; that he was of unsound health at the time the policy was issued; that the duly authorized agent of appellant knew of the condition of the insured's health on said date and accepted premiums on the policy after knowing such conditions and the false statements claimed to have been made by him; that a reasonable attorneys' fee is the sum of $50.

On these findings, judgment was rendered that appellee recover the sum of $500 principal, 12 per cent. interest as penalty, and $50 attorneys' fees, from which decree this appeal is prosecuted.

■ The appellant filed numerous objections to the charge of the trial court for his failure to correct his charge in compliance with its objections, all of which are illustrated by this exception: "The defendant excepts to said charge as a whole for the reason that the same in no way submits the material issue as to whether the defendant would have issued the policy sued on had it known that said Ben F. Massengale had high blood pressure and serious heart disease; the defendant here and now requests the court to submit such issue to the jury in appropriate terms." The appellant did not prepare and present to the court any question submitting to the jury the issue contained in the objection. It is now apparently settled that where a·case is submitted upon special issues that an objection complaining of the failure to submit an issue is not a sufficient request for the submission of such issue, and in order to avoid a waiver of such submission, the party seeking its submission must· prepare and present to the court a proper issue. Harris v. Thornton's Department Store (Tex.Civ. App.) 94 S.W.(2d) 849; Harris v. Leslie (Tex.Sup.) 96 S.W.(2d) 276; Wichita Valley Railway Co. v. Minor (Tex.Civ.App.)· 100 S.W.(2d) 1071.

The sufficiency of the testimony to support the findings of the jury is not directly challenged in any assignment of error or proposition; neither is there any contention that the agent did not have authority to bind' the company, or that his knowledge was not imputable to his principal.

These findings of the jury eliminate most of the questions presented by appellant for review. Southern Underwriters v. Jones et al. (Tex.Civ.App.) 13 S.W.(2d) 435 (writ.. ref.) ; Terry et ux. v. Texas Prudential Insurance Company (Tex.Civ.App.) 77 S.W. (2d) 761, and authorities cited; Southern Life & Health Insurance Company v. Ramirez (Tex.Civ.App.) 93 S.W.(2d) 234.

■ The appellant complains of the failure of the court to define the words "unsound health" used in special issue No. 2. Inasmuch as the jury found that the insured was of unsound health· at the time the policy was issued, this failure, in our opinion, does. not present error of which appellant can complain.

■ The appellant urges as erroneous special issue No. 4, as submitted, because it assumes that premium payments were accepted on the policy by the agent after he discovered and knew the unsound condition of insured's health and the false statements made in connection therewith.

An answer to this issue is by the court predicated on an affirmative answer to special issue No. 2 and is subject to the criticism made. We apprehend that the court intended to require an answer to issue No. 4 only in the event of an affirmative answer to special issue No. 3.

■ At the close of all issues submitted,. the court gave to the jury this instruction: "You are hereby further instructed that any provision in any contract or policy of insurance issued or contracted for in this State, which provides that the answers or statements made in the application for such contract or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to. the contingency or event on which said policy became due and payable, and whether it was material and so contributed in this case

shall be a question of fact to be determined by you the jury."

The appellant objected to this charge because it was in effect a general charge and was upon the weight of the testimony. The case was submitted on special issues, and this assignment is sustained. Humble Oil & Refining Co. v. McLean (Tex.Com.App.) 280 S.W. 557; Powell Salt Water Co. v. Bigham (Tex.Civ.App.) 69 S.W.(2d) 788; Pullman Co. v. Berkman (Tex.Civ.App.) 70 S.W.(2d) 839.

The judgment is reversed, and the cause remanded.