## DEZENDORF v. MANOR.
### No. 9883.

Court of Civil Appeals of Texas. Austin.
May 10, 1950.

Rehearing Denied May 31, 1950.

as sole owner and proprietor of the business known as Dezendorf Marble Company, and from a judgment for appellee based on the jury's verdict; the appellant has appealed alleging two grounds of jury misconduct.

The appeal is based on the assigned error of the court in overruling a motion for new trial because of the misconduct of the jury in discussing and considering workmen's compensation insurance and attorney's fees.

This case is a damage suit instituted by Manor against Dezendorf for injuries alleged to have been received during the course of his employment, for loss of earnings and for pain and suffering. The allegations are that a fellow employee backed a truck into and upon the plaintiff, causing the injuries complained of. The trial was before a jury and resulted in a verdict favorable to plaintiff and in a judgment for $2,000.

The appellant alleges misconduct of the jury in considering workmen's compensation insurance in its deliberation and in discussing and considering attorney's fees.

By supplemental pleading the plaintiff alleged that the defendant did not carry workmen's compensation insurance; no exception was directed to this allegation.

The defendant Dezendorf was asked by plaintiff if he had workmen's compensation insurance on his employees, to which he answered that he did not. No objection was made to the question or answer.

On cross-examination by his attorney Mr. Dezendorf went into some detail in explaining why he did not have insurance at the time of the accident, but had it before, and now carries workmen's compensation insurance.

The question of attorney's fees was, according to the statements in the briefs, first mentioned by appellant's attorney in his argument to the jury; and the plaintiff's attorney in his closing argument referred to the statement made by defendant's attorney in his argument. No objection or exception was made or taken to the argument concerning attorney's fees, and we cannot consider the question now,

Wm. H. Wren, Austin, for appellant.

Thrasher & Blalock, Wm. Clarke Blalock, Austin, for appellee.

ARCHER, Chief Justice.

This is a suit for damages for personal injuries brought by Johnnie Joseph Manor, against Edwin Dezendorf, individually and

but we do not believe·that any reversible error is pointed ·out.

·   On the hearing of the motion for a new trial most of the · jurors testified,—some that insurance and attorney's fees were mentioned either by all or one or more of the jurors, others that there was no mention of either insurance or attorney's fees, and other members of the jury testified that any mention of compensation insurance was in connection with instructions of the court to determine first the plaintiff's total loss of earnings, if any, and from such sum to deduct the payment made to plaintiff by defendant.   (Dezendorf had paid Manor $260; Dezendorf did not carry workmen's compensation insurance.)

■   The trial court heard the evidence of all jurors who testified in the motion for new trial, and asked some questions himself.   No findings of fact and conclusions of law were requested or made by the court, and we assume that the trial court found all fact issues having support in the evidence in favor of the judgment rendered.   Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818; Menefee v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 181 S.W.2d 287, Er.Ref.; Barrington v.' Duncan, 140 Tex. 510, 169 S.W.2d 462; Patterson v. Hughes, Tex.Civ.App., 227 S.W.2d 397.

■   There was a conflict in the testimony of the jurors as to whether or not workmen's compensation insurance was mentioned or discussed.   We assume that the trial court found that it was not mentioned or discussed; and that the action of the trial court in overruling the motion for new trial constituted a fact finding in support of his ruling, which is binding on this court.   Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462.

"Where the ground of the motion is misconduct of the jury * * * the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved * * * be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."   Rule 327, Texas Rules of Civil Procedure.

In Barrington v. Duncan, 1943, 140 Tex. 510, 169 S.W.2d 462, 464, the court said: "A reading ·of the above rule will disclose that its effect is to abolish the prior ·rule of reasonable doubt, and substitute therefor a rule which imposes upon the ·party asserting misconduct the burden not only of proving by a preponderance of the evidence that such misconduct occurred, but also of showing that such misconduct probably resulted in injury to him.   If the evidence is conflicting on the question as to whether or not the misconduct actually occurred, the decision ·of the trial court either way on that question should be accepted as final.   When misconduct is established, the question of injury is one of law for the reviewing court.   Under the above-quoted rule both the trial and reviewing courts have the right to view the matter in the light of the entire record. By the entire record we mean the evidence heard on the motion presenting misconduct, the evidence on the main trial, and any and all other parts of the record which may throw light on the question of injury.   Of course, it is never permissible to allow a juror to preserve or' destroy his verdict by testifying to the mental processes by which he reached the same, and this rule is not altered in the least by Rule 327, supra.   Sproles Motor Freight Lines, Inc. v. Long [140 Tex. 494], 168 S.W.2d 642."

The amount of the award is not thought by the appellant to be excessive, since no point is made to this effect.

The judgment of the trial court is affirmed.

Affirmed.