A. M. GREENWADE, Appellant,

v.

C. C. BLEDSOE, Appellee.

No. 3274.

Court of Civil Appeals of Texas.

Waco.

July 7, 1955.

Rehearing Denied Sept. 15, 1955.

Wm. B. Martin, Crawford C. Martin, Hillsboro, for appellant.

Jack Sims, Hillsboro, for appellee.

HALE, Justice.

Appellee sued appellant for $821.25, alleging that $450 of that amount was due him for the pasturage of 30 head of cattle and the balance thereof was for the value of 165 bales of hay he had fed to appellant's cattle. Appellant answered with a general denial and alleged affirmatively that he had placed his cattle in the pasture of appellee with the understanding that no charge would be made for their pasturage; that appellee had more cattle in the pasture than appellant had; and "that the hay fed by defendant more than off-set the hay fed by plaintiff, and that it was defendant's understanding that both parties had benefited from the hay fed by each party and that no charges were to be made by either party." Appellant further alleged by way of set-off and counterclaim that he had fed to appellee's cattle hay which was of the value of $282.

The case was tried before a jury. In response to special issues the jury found that appellant promised to pay the sum of $450 to appellee for the use of his pasture during the period of time in question; that neither party to the suit received any hay from the other for the use and benefit of his cattle; and that neither party received any breeding service from the bull of the other party. Thereupon, the court rendered judgment in favor of appellee against appellant and the sureties on his replevin bond for the sum of $450, with foreclosure of an attachment lien on certain cattle therein described.

Although appellant predicates his appeal upon eight points of error, his contentions may be summarized as follows: the findings of the jury that appellee did not receive any hay for the use and benefit of his cattle or any breeding service from the bull belonging to appellant, are contrary to the undisputed evidence and against the overwhelming weight and preponderance of the testimony; the jury was guilty of misconduct in that the jurors agreed in advance of answering any of the special issues that appellee should prevail upon the contract for pasture rent and neither party should prevail against the other on their claims for hay fed or breeding services and that their answers to the special issues would be made in such manner as to effectuate their agreement; and the court erred in refusing to strike out the testimony of certain witnesses to the effect that appellee had been offered $450 and $500, respectively, from two persons other than appellant for the use of his pasture, in refusing to allow appellant a credit of $12 on the judgment, and in granting a double recovery against appellant.

The evidence shows that appellee owns a tract of land in Hill County, about 400 acres thereof being pasture land. There was evidence that appellee had about 38 head of cattle and appellant had about 30 head of cattle in the pasture from sometime in December of 1951 to October of 1952. There was very little grass, if any, in the pasture from December of 1951 to April of 1952 and during that interval of time it was necessary to supply feed for all of the cattle in the pasture. Each party to the suit testified in effect that he fed certain quantities of baled hay to his cattle during the winter months but we do not think it can be said as a matter of law that either party furnished any hay for the cattle of the adverse party or that either received any hay from the other for the use and benefit of his cattle. There was evidence that when one of the parties would put out hay for his cattle, he would not permit the cattle of the adverse party to mix with his cattle or to consume any of the

hay he put out. Each party also testified in substance that the quality of hay which the other put out was so poor and badly damaged by rot that cattle would not eat it. Viewing the evidence as a whole and all reasonable inferences and deductions that may be properly drawn therefrom in the light most favorable to sustain the verdict and judgment, as it is our duty to do, we cannot say that any finding of the jury is contrary to the undisputed evidence or is so clearly against the overwhelming weight and preponderance of the evidence as manifestly to be wrong. Missouri-Kansas-Texas R. Co. of Texas v. Anderson, Tex.Civ. App., 258 S.W.2d 375, pts. 1–4 (er. ref. n. r. e.) and numerous authorities there cited.

Four of the jurors in the case were introduced as witnesses at the hearing on appellant's motion for new trial relating to jury misconduct. Some of the jurors testified that the opinion was expressed in the jury room that it was the duty of the jury to answer all of the special issues favorable to one party or the other. Juror Tinsley testified that he was willing to allow appellee $450 for his pasture rent, but he was not willing to make any allowance to either party concerning the other items involved in the suit. The first two issues related to whether appellant had promised to pay any sum to appellee for the use of his pasture, and, if so, the amount thereof. The other issues related to the other elements of recovery sought. After discussing the matter in the jury room, the foreman sent a note to the trial court, in which he inquired as to whether the jurors could answer Special Issues 1 and 2 and return their verdict without any answer to any of the remaining issues, and the court replied to the note by stating in substance that he could not give them any information other than that which was contained in his charge. One of the jurors testified that after the jury had written their note to the court and received a reply to the same, they then began a consideration of each issue, separately, and taking a vote on each issue, beginning at the bottom of the charge and reaching Issues 1 and 2 after they had returned a "No" answer to the subsequent issues. This juror also testified that there was no overall agreement among the jurors in advance of answering any of the special issues that appellee should prevail upon the contract for pasture rent and that neither party should prevail against the other on their claims for feed or breeding services.

■ In the case of Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462, 465, the Supreme Court, in discussing Rule 327 T.R.C.P., states that such rule "imposes upon the party asserting misconduct the burden not only of proving by a preponderance of the evidence that such misconduct occurred, but also of showing that such misconduct probably resulted in injury to him. If the evidence is conflicting on the question as to whether or not the misconduct actually occurred, the decision of the trial court either way on that question should be accepted as final. When misconduct is established, the question of injury is one of law for the reviewing court." The holding in the Barrington case has been cited and followed in many subsequent decisions, including: Phillips v. Texas & Pacific Ry. Co., Tex.Civ.App., 223 S.W.2d 258 (er. ref. n. r. e.); City of Dallas v. Hutchins, Tex.Civ.App., 226 S.W.2d 155, (er. ref. n. r. e.); Dezendorf v. Manor, Tex.Civ.App., 230 S.W.2d 390, (er. ref. n. r. e.); Lee v. Galbreath, Tex.Civ.App., 234 S.W.2d 91.

■ In view of the conflicting evidence introduced on the hearing of appellant's motion for new trial, we cannot say as a matter of law that the jury misconduct alleged by appellant actually occurred. On the contrary, since the trial court overruled the motion for new trial, we must assume that he found the alleged misconduct of the jury did not occur.

■ On the trial of the case, appellee testified that Earl Maxfield offered him $450, and Edward Newton offered him $500 for the use of his pasture during the time it was being used by appellant. His testimony in this respect was corroborated

by the testimony of Earl Maxfield, Edward Newton, Mrs. C. C. Bledsoe, Wayne Bledsoe and Mrs. Wanda Bledsoe. At the close of all the evidence, appellant moved the court to exclude and strike from the record all of the foregoing testimony on the ground it was irrelevant, immaterial and prejudicial. The court overruled the motion and appellant excepted. We do not think the court erred in refusing to strike this testimony because, in our opinion, it was relevant and material as circumstances tending to show the probability that appellant promised to pay $450 for the use of the pasture as opposed to the probability that his cattle would be placed in appellee's pasture with the understanding that no charge would be made for their pasturage.

 As we understand appellant's brief, his contention that the trial court erred in refusing to allow him a credit of $12 on the judgment rendered against him is based upon certain testimony of appellee to the effect that he received two shoats from appellant, one being in exchange for work, and the other being received as a credit of $12 on the pasture rent due him by appellant. We find no reference whatsoever to this item in any of the pleadings of either party to this suit, or in the charge of the court to the jury, or in the motion of appellant for a new trial. We do not find any showing in the record that the court below was ever requested in any manner whatsoever to allow appellant a credit of $12, or that any complaint was made because such credit was not allowed him. We have no authority to say the court erred in failing to pass upon a matter which was never called to his attention. Rule 94, T.R.C.P.; American Nat. Ins. Co. v. Fox, Tex.Civ. App., 184 S.W.2d 937, pt. 15 (er. ref. w. m.); Calvert Fire Ins. Co. v. McClintic, Tex.Civ.App., 267 S.W.2d 568, pt. 7 (er. ref. n. r. e.).

We find nothing in the judgment of the court which indicates to us that its purpose or effect was to award a double recovery against appellant. On the contrary, the clear meaning and intent of the judgment as a whole is to award to appellee a joint and several judgment against appellant and the two sureties on his replevin bond, together with a foreclosure of an attachment lien on certain cattle described in the judgment. It is true the judgment recites in one paragraph that it is in favor of the plaintiff against the defendant for the sum of $450, with a foreclosure of his attachment lien, and in a subsequent paragraph that it is in favor of plaintiff and against the defendant and the two sureties on his replevin bond for the sum of $450, but it is quite clear from the entire judgment that the maximum liability imposed upon the defendant therein is the sum of $450 and court costs.

Finding no reversible error in the judgment appealed from, it is accordingly affirmed.