**Jarrett NORRIS, d/b/a Checker Motors, Appellant,**

**v.**

**FIRST CREDIT CORPORATION, Appellee.**

No. 14076.

Court of Civil Appeals of Texas.

San Antonio.

March 13, 1963.

Rehearing Denied April 10, 1963.

Reid & Taylor, Robert P. Sims, San Antonio, for appellant.

Earle Cobb, Jr., Norman S. Davis, San Antonio, for appellee.

BARROW, Justice.

This suit was filed by appellant, a used car dealer, against appellee, a finance company, to recover damages of $1,000.00 suffered by appellant when appellee refused to complete an automobile loan on a car sold by appellant to George Robinson. After a jury verdict, the trial court entered a take-nothing judgment and appellant perfected this appeal.

The trial court submitted the case as follows:

"Question No. 1. Do you find from a preponderance of the evidence that on or about the 17th day of February 1962, R. A. Holloway, as the agent of the defendant, First Credit Corporation, agreed to advance the sum of one thousand dollars on the purchase price of said automobile and pay said sum to plaintiff, Jarrett Norris, upon approval of said loan and being furnished a registration receipt showing title to said automobile in George Robinson and a lien thereon in favor of the defendant, First Credit Corporation?

"Answer, 'Yes'. * * *

"Question No. 2. Do you find from a preponderance of the evidence that said loan was approved and a registration receipt showing title to said automobile in George Robinson and a lien thereon in favor of the defendant, First Credit Corporation, was furnished to defendant? Answer, 'No'."

Question No. 3 was conditioned upon an affirmative answer to Question No. 2, and therefore was not answered by the jury.

"Question No. 4. Do you find from a preponderance of the evidence that it was the understanding of Jarrett Norris and R. A. Holloway that the $1,000.00 loan was not to be paid until the automobile in question was insured? Answer, 'No'."

■ Appellant attacks Question No. 2 as being duplicitous and multifarious and therefore improperly submitted. Appellant waived any defect in the form of this issue by his failure to object to the charge of the court, and therefore his assignment complaining of the form of this issue can

not be considered. Rule 272, Texas Rules of Civil Procedure; A.A.A. Air Conditioning & Mfg. Corp. of Tex. v. Barr, Tex. Civ.App., 186 S.W.2d 825, wr.ref. This requirement is not met by an objection to this issue by appellee.

Appellant asserts that the answer of the jury to Question No. 2 is against the preponderance of the evidence. On the basis of the brief of this assignment, we have considered the point as one asserting that the finding of the jury is so contrary to the preponderance of the evidence as to be manifestly unjust. In considering this point, it is necessary to review all the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. On February 17, 1962, Robinson contacted appellant and made a deal to purchase a 1960 Chevrolet automobile. Robinson agreed to trade in his 1954 Chevrolet and pay appellant $1,000.00 cash. It was necessary that he finance the cash payment and Robinson was given permission by appellant to take the 1960 Chevrolet for this purpose. Robinson, without any suggestion by appellant, went to the office of appellee and discussed a loan with R. A. Holloway, who was authorized to make loans on behalf of appellee. After checking Robinson's credit, Holloway telephoned appellant. The actual words used in this telephone conversation are in dispute. Holloway testified that he said he would make the loan when the papers were received, including an insurance policy to be secured by Robinson. Appellant testified that Holloway said the loan was approved and that appellant could pick up the money when he delivered the title papers. Robinson's testimony, although not as specific, substantially agreed with that of appellant. Holloway then had Robinson sign a note and chattel mortgage payable to appellant at the office of appellee, for $1,181.88. This instrument had a form on the back for assignment of the note, but this transfer and assignment was never completed by appellant. Robinson kept the car and wrecked it before the title papers were delivered to appellee. About two weeks after the original conversation, appellant delivered the title papers to Holloway, who refused to close the deal at this time. We believe that the above testimony is sufficient to support the jury's findings that although Holloway agreed appellee would make the loan, the loan agreement was not completed in the initial conversation between appellant and Holloway.

Appellant also asserts that the finding of the jury to Question No. 2 is in irreconcilable conflict with the findings to Questions No. 1 and No. 4. It is our duty to reconcile and harmonize apparent conflicts in the jury's findings, if this can be reasonably done in the light of the pleadings and the evidence, the manner in which the issues were submitted, and in view of the other findings when considered as a whole. Texas & Pac. Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280; Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558. It is seen from a reading of the issues, that Questions Nos. 2 and 4 inquire about different matters and are not in conflict. The affirmative finding to Question No. 1, and the negative finding to Question No. 2 present more difficulty, largely due to the form of these issues. In considering the charge in the light of the pleadings and evidence, it is seen that the first three issues submit appellant's basis of recovery. Question No. 1 inquires as to whether appellee agreed to make the loan upon certain requirements. Question No. 2 inquires if the requirements were met, and Question No. 3 inquires if appellant relied upon the agreement in delivering possession of the automobile to Robinson. It is seen that the jury was concerned in Question No. 2 with whether or not the requirements to make the loan were furnished to appellee. We do not believe that the findings of the jury are in irreconcilable conflict.

Appellant assigns as error that there was material misconduct of the jury during their deliberations. Two matters are raised: an alleged statement by the foreman, Weissler, that the note was illegal

**662**

since it was not notarized, and a statement by a juror that the terms "I will" and "I would" have no legal significance. Appellant asserts that these misstatements of law were made during the jury's deliberations on Question No. 2, and that a reasonable probability of injury was shown. In passing upon these points, we are guided by the well-established rule that whether misconduct of the jury occurred is a question of fact to be proven by the complaining party on the hearing of the motion for a new trial, but after the misconduct has been established, then it is a question of law for the trial court, and on appeal for the reviewing court, as to whether injury probably resulted to the complaining party. Motley v. Mielsch, 145 Tex. 557, 200 S.W. 2d 622. The trial court did not file findings of fact, and in this situation it will be presumed that the trial court found that the misconduct did not occur, where there is evidence to support such a finding. Barrington v. Duncan, 140 Tex. 510, 169 S.W. 2d 462; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Greenwade v. Bledsoe, Tex.Civ.App., 282 S.W.2d 75, writ ref., n. r. e.

■ There is conflicting testimony on whether or not Weissler made a statement concerning notorization of the note. Jurors Mrs. Hickey and Mrs. Grandjean both testified that the foreman had stated that the note was illegal since not notarized. This was expressly denied by Weissler, Jasso and Keeler. The final juror, De Hoyos, testified that there was a statement made concerning notarization of the certificate of title. The note and chattel mortgage signed by Robinson did not provide a form for notarization, although it did have a form for assignment of the note. Several of the jurors testified there was a great deal of discussion concerning the failure of appellant to assign the note. There is substantial evidence to support the trial court's implied finding that the foreman did not make a statement concerning notarization of the note.

It is undisputed that there was a great deal of discussion concerning the testimony of Holloway that "he would" approve the loan. The agreed record shows that the jury, during the deliberations, returned to the courtroom and had this testimony read to them. In our opinion, it was legitimate discussion for the jurors to discuss the meaning of the terms "I will" and "I would" in connection with their answer to Question No. 2. The transcript of the hearing on motion for new trial, at which all jurors testified, does not show material misconduct in their discussion of these words of ordinary usage. S. & D. Wolf Co. v. Atchison, Topeka & Santa Fe Ry. Co., Tex.Civ. App., 301 S.W.2d 272, writ ref., n. r. e.

The judgment is affirmed.