## LONE STAR GAS CO. v. BALLARD.
### No. 14039.

Court of Civil Appeals of Texas. Fort Worth.

March 1, 1940.

Rehearing Denied April 5, 1940.

Walker, Smith & Shannon, of Fort Worth, and Thompson, Knight, Baker, Harris & Wright, Adair Rembert, and Sol Goodell, all of Dallas, for appellant.

Houtchens & Houtchens, Robert V. Weddell, and J. Harold Craik, all of Fort Worth, for appellee.

BROWN, Justice.

The appellees, Joan Ballard Connally, joined by her husband, Robert Connally, who was made a party plaintiff after this suit was brought by his wife, as a feme sole, have sued appellant, Lone Star Gas Company, for personal injuries sustained by Mrs. Connally, by reason of stepping into a gas meter box owned by appellant and in which appellant's meter, used in connection with serving natural gas to Mrs. Connally's mother's residence, was installed. Mrs. Connally was living with her mother when the alleged accident occurred.

By the allegations of the petition, it is disclosed that the meter box in question

is not installed on or in any part of the sidewalk in front of the premises, but same is a few inches from the street curb, and is evidently between the sidewalk, or portion of the street used as a sidewalk, and the said curb. In other words, the pleading and the evidence disclose that the meter is not placed where persons customarily walk, or on any place designed for use by pedestrians.

Appellees allege that Mrs. Connally, on a dark, rainy afternoon, was going to get in an automobile which was parked near her mother's home, not directly in front of the house, but to one side of the line drawn from the steps to the street curb, directly in front of the house.

The acts alleged to constitute negligence are, in substance: That the defendant failed to place and keep placed a top or covering upon and over the meter box; defendant and its agents left the meter box open, with the top off, without giving protection to persons who would walk over the place where the meter box is located; defendant failed to use ordinary care to see that the top or covering of the meter box was kept over the box; defendant "failed to inspect or look after the meter box for an unreasonable time and for more than two days, to see and ascertain whether or not said top or covering was kept over said meter box or whether some person other than defendant's employees had taken said top or covering off of said meter box, so as to prevent persons traveling thereon from stepping into same and harming and injuring such persons, as did plaintiff herein upon the occasion in question"; defendant placed no guards around the open meter box; defendant placed no signs or warnings to notify the public and plaintiff that the meter box was open.

When the taking of testimony was concluded, the defendant requested a peremptory instruction in its favor, and the request was denied.

The cause being tried to a jury, the following findings were made: (1) That "the defendant failed to keep placed a top or covering upon and over the meter box on the occasion in question", (2) that such failure was negligence, (3) and a proximate cause of the injury to plaintiff, (4) that "the defendant, its officers, agents and employees in charge of the meter in question failed to exercise ordinary care to discover that the meter box was uncovered, upon the occasion in question", (5) that "the defendant, its officers, agents and employees in the exercise of ordinary care should have discovered said opened meter box prior to the time the plaintiff fell into said meter box", (6) that "the meter box in question had been opened prior to the time plaintiff stepped into said meter box, a sufficient length of time so that in the exercise of ordinary care the defendant, its officers, agents and employees in charge of said meter box should have discovered the same and covered it prior to the time plaintiff stepped into said meter box", (7) that "the defendant in failing to discover and cover said meter box prior to the time plaintiff stepped into it was guilty of negligence", (8) that such failure was a proximate cause of plaintiff's injury, (9) that plaintiff suffered personal injuries, (10) her damages were fixed at $1,750, (11) that plaintiff did not fail to keep a proper lookout for her own safety, (12 and 13) not answered because of answer to No. 11.

Defendant addressed many objections to the court's charge, all of which were overruled, but we have concluded to notice only a few that are, in our opinion, controlling here, although there may be merit in some that are not discussed.

■ The criticism against issue No. 1, and its supplemental issues, is that there is no evidence to warrant the submission of an issue asking the jury to find whether or not the defendant failed to keep the top or covering on the meter box, and whether or not such failure constitutes negligence and a proximate cause of plaintiff's injuries.

It occurs to us that this contention is sound. We are reluctant to hold that the law imposes a duty upon the defendant to keep the top or covering over the meter box. If the law imposes no duty, there could be no negligence.

■ We believe that, in cases like the one before us, negligence must be predicated upon the existence of the dangerous condition being actually known to the defendant, or upon the existence of such condition for such a period of time as that the failure to discover the dangerous condition and remedy it raises an issue of negligence.

This rule has been applied to municipalities and the same rule is applicable to public service corporations. 30 Tex.Jur., § 292, p. 529; City of Galveston v. Smith, 80 Tex. 69, 15 S.W. 589; Klein v. City of

Dallas, 71 Tex. 280; 8 S.W. 90; City of Austin v. Ritz, 72 Tex. 391, 9 S.W. 884; City of Fort Worth v. Johnson, 84 Tex. 137, 19 S.W. 361; Reegan v. City of Galveston, Tex.Civ.App., 24 S.W.2d 61; City of Grandview v. Ingle, Tex.Civ.App., 90 S.W.2d 855.

A well considered opinion by the Court of Civil Appeals for the Waco District is that of Sterling v. Community Natural Gas Co., 105 S.W.2d 776, in which it is said that the rules announced in the cases cited above in relation to municipal corporations are, by analogy, applicable to gas companies.

These principles and rules have been extended so as to apply to cases in which suits have been brought because of defective conditions in premises, or because of dangerous conditions appearing therein. Such cases as these illustrate the point: Graham v. F. W. Woolworth Co., Tex.Civ. App., 277 S.W. 223, writ dismissed; Great Atlantic & Pacific Tea Co. v. Logan, Tex. Civ.App., 33 S.W.2d 470; The Fair, Inc., v. Preisach et al., Tex.Civ.App., 77 S.W.2d 725; Derichs v. O. K. Auto Parts & Sales Co., Tex.Civ.App., 92 S.W.2d 465, writ dismissed; and the following case decided by us: Worth Food Markets, Inc. v. Le Baume, 112 S.W.2d 1089, writ dismissed.

█ We are convinced that appellee in this suit could only recover by proving that the meter box top had been off for such a length of time that the defendant ought, by the exercise of ordinary care, to have known of this fact, and ought to have remedied it. No other hypothesis is attempted to be presented by the evidence, and looking to the evidence, we find that Mrs. Lane, plaintiff's mother (with whom she lived), testified that she had not seen the defendant's meter reader read the meter in the box in controversy; that she knew about what day he reads it, but she did not attempt to tell "what day" he customarily reads the meter; that her daughter was hurt on or about December 10th, 1937.

All of the testimony touching the question of how long the top had been off the meter box comes from the lips of Mrs. Lane. She was asked if she had noticed, prior to plaintiff's fall, that the top was on or off the box, and she answered in the affirmative. She then testified that it was off. She was asked: "How long had it been off. just preceding this accident, to your knowledge?" She answered: "I could not say. Three or four days I noticed it off."

She then testified that she did not do anything toward calling anyone about the top being off and took no steps to put the top on.

The testimony shows that the plaintiff became 21 years old on the 14th day of December, 1938. The accident is alleged to have occurred on December 10th, 1937, about four days before she reached her 20th birthday. It thus appears that plaintiff was a minor and a constituent member of her mother's household and family, when the accident occurred.

There is no evidence tending to show that the defendant was guilty of any act of negligence, either of omission or commission, while the testimony just detailed discloses that the only negligence which tended to bring about the accident was that of plaintiff's mother, who discovered the dangerous condition, existing on premises occupied by her, three or four days before the accident, and who did not take any steps to remedy the situation or to warn her daughter of the existence of the dangerous condition.

We are of opinion that the testimony which shows that the lid had not been on the meter box for three or four days is insufficient to raise an issue touching negligence upon the part of the defendant in not discovering that fact before the accident, and there being no evidence tending to show that the defendant actually knew that the lid was off, no issue touching negligence on the part of the defendant in not replacing the lid, was raised.

The place where this accident is said to have occurred is in the residential portion of the City of Fort Worth—a City of some 175,000 souls, according to the census report—and in a neighborhood where there is no paved sidewalk in front of the residence in which the plaintiff lived.

The fact that the lid had been off for three or four days, prior to the accident, can form no basis for finding the defendant negligent in not discovering such fact and remedying it before the accident occurred, in the absence of any evidence of actual or constructive notice to the defendant.

It is not contended that there was actual notice and there being no evidence showing that any person connected with the defendant had occasion to see the meter box, during the three or four days in which the

636

lid was off, it cannot be contended that, in such a situation as we have here, a period of three or four days is sufficient time within which to charge the defendant with a duty to discover such defect.

■ As we view the law, sound reasoning requires that the dangerous condition be open and obvious, and that this condition should have existed for such a length of time that a reasonably prudent person, in the exercise of ordinary care, could or should have discovered it and remedied it before the injury was inflicted.

The mother of the plaintiff had charge of the premises and she did not think the condition dangerous enough to report it to the defendant.

To hold the defendant negligent in this case it is necessary to hold that it is the duty of the defendant to inspect every meter in the City of Fort Worth at least seven times each month, for the purpose of discovering such a condition as arose in this case, and we do not believe any such duty is imposed by law, or in reason.

We believe the peremptory instruction requested by the defendant should have been given.

There is one other proposition that we feel should be discussed because of its importance.

When the evidence was all in, it became apparent that the only question that could have been up for determination was whether or not the lid had been off of the meter box for such length of time as that by the exercise of ordinary care the defendant should have discovered such fact and should have remedied the situation before the accident occurred.

■ The trial court submitted Issue No. 4, asking whether or not the defendant, its officers, agents and employees in charge of the meter, failed to exercise ordinary care to discover that the meter box was uncovered, and submitted Issue No. 5, asking whether or not such persons, in the exer-

cise of ordinary care, should have discovered that the meter box was opened, prior to the time plaintiff fell into it, and submitted Issue No. 6, asking whether or not the meter box had been opened prior to the time the plaintiff stepped into it, a sufficient length of time so that, in the exercise of ordinary care, the defendant, its officers, agents and employees in charge of the meter box, should have discovered the condition and have covered it prior to the time plaintiff stepped into it, and then submitted Issue No. 7, asking the jury to find whether or not the failure of the defendant to discover and cover the meter box, prior to the time plaintiff stepped into it, was negligence.

The objection that the repetition of the matters and facts disclosed by these issues is an improper repetition of plaintiff's theory and gives undue emphasis to same, and is prejudicial to defendant, seems well taken. Kroeger v. Texas & P. R. Co., 30 Tex.Civ.App. 87, 69 S.W. 809; El Paso Elec. R. Co. v. Benjamin, Tex.Civ.App., 202 S.W. 996, writ dismissed; Galveston H. & S. A. R. Co. v. Andrews, Tex.Civ.App., 291 S.W. 590, writ dismissed; St. Louis S. W. R. Co. v. Kerr, Tex.Civ.App., 184 S.W. 1058; Stringfellow et al. v. Braselton, 54 Tex.Civ.App. 1, 117 S.W. 204 (opinion by Mr. Justice Dunklin); Panhandle & S. F. Ry. Co. v. Friend et ux. Tex.Civ.App., 91 S. W.2d 922; 41 Tex.Jur., para. 288, page 1132; Speer's Law of Special Issues (1932) paragraphs 198 and 199, pages 260 to 262, inclusive, and cases cited; see, also, same author (1939 supplement), same paragraphs, page 139, and cases cited.

We pretermit discussing the other propositions, as we have concluded that the evidence wholly fails to show any duty imposed upon the appellant, or the failure to perform any duty that it owed to the plaintiff.

The judgment of the trial court is reversed and judgment is here rendered for appellant.