## DALLAS RAILWAY & TERMINAL CO. v. BISHOP et al.

### No. 2164.

Court of Civil Appeals of Texas. Eastland.

June 27, 1941.

Burford, Ryburn, Hincks & Charlton, of Dallas, for appellant.

George Sergeant and Garland Armstrong, both of Dallas, for appellees.

FUNDERBURK, Justice.

R. E. Bishop, an employee of Quality Ice Company, having been paid, in accordance with a compromise agreement, the sum of $1,100 by Texas Employers' Insurance Association, compensation insurance carrier of said employer, for personal injuries resulting from a collision between an ice truck driven by said employee and a street car operated by Dallas Railway & Terminal Company, brought this suit against the latter to recover damages for said injuries.

Said Texas Employers' Insurance Association intervened, in its plea stating no cause of action, but referring to plaintiff's petition for such statement, and further alleging facts to show that of any amount of damages awarded plaintiff, intervener was subrogated to, and entitled to have paid to it, the sum of $1,100, plus other items, all aggregating (as alleged) $1,708.77.

Plaintiff alleged one act and two omissions, or failures to act, as negligence and proximate causes of the injuries and damages as follows: (a) The act of the defendant in driving its street car at an unlawful rate of speed within the limits of the city of Dallas, to-wit, in excess of 20 miles an hour. (2) The failure (omission) of the defendant, through its servants, to keep a proper lookout while attempting to cross the street intersection (intersection of paved Leonard Street with unpaved Guillot Street). (3) The failure (omission) of the defendant to give warning of its (the street car's) approach at said intersection. General damages to the amount of $40,000 and special damages to the amount of $558.92 were sought to be recovered.

The defendant, in addition to general and special exceptions, pleaded various acts and omissions of the plaintiff as contributory negligence.

During the progress of the trial, plaintiff, under leave, filed a trial amendment purporting therein to allege an additional ground of recovery based upon discovered peril.

The trial was by jury and fifty-eight purported special issues were submitted, all of which—material to the judgment rendered—were found in favor of the plaintiff.

From the judgment rendered thereon awarding plaintiff recovery of $9,500 and intervener $2,102.80 out of said amount, the defendant has appealed.

The parties, as in the trial court, will be referred to as plaintiff, defendant and intervener.

All but four of defendant's first 35 assignments of error relate to questions of misconduct of the jury and improper argument of counsel. In a brief of 206 pages, altogether 54 propositions under 58 assignments of error, are urged as grounds for reversal of the judgment. This statement is made not as a criticism of the manner of presenting the case, but rather as a reason why we cannot, within reasonable bounds, discuss or even mention many of the contentions of the parties. Independently of any of the questions of misconduct or argument it is our conclusion that the judgment must be reversed. In view of such required disposition of the case we shall make only some general observations upon the subjects of misconduct and argument.

A question of whether a new trial should be granted because of misconduct of the jury usually involves three inquiries: (1) Did the alleged misconduct occur? (2) If so, was it material? (3) If material, does the record affirmatively show beyond a reasonable doubt that it was rendered harmless? The first inquiry involves a question of fact. The trial judge is the trier of the fact. He is the judge of the credibility of witnesses and of the weight of the evidence. His decision as to the occurrence, or not, of the alleged misconduct when the evidence, or want of evidence, does not, as a matter of law, conclude the issue one way or the other, is final.

The second inquiry—whether the misconduct be material— is a question of law. The test of materiality is whether it is of a nature under the circumstances reasonably calculated to prejudice the complaining party. In a case of doubt as to materiality, the decision of the trial court is conclusive. It so results because the appellate court cannot say that the decision is wrong. In a case where the misconduct is clearly material, in the opinion of the reviewing court, the decision of the trial court, upon the question of materiality, is not conclusive.

The third inquiry also involves a question of law. If misconduct be clearly material, there arises the presumption that it had a

prejudicial effect. In such case, the presumption may be overcome only by an affirmative showing in the record that it was harmless—in other words, without harmful or prejudicial effect.

These propositions, so far as the nature of the subject will permit, are also applicable to arguments of counsel. They are discussed with more amplification, and with citation of authorities, in two opinions of this court, to which we here refer in lieu of further discussion. Williams v. Rodocker, Tex. Civ.App., 84 S.W.2d 556, and Estep v. Bratton, Tex.Civ.App., 24 S.W.2d 465.

■■ Some highly improper and inflammatory argument is sought by the plaintiff to be excused on the ground that it was provoked by improper argument of defendant's counsel. In Taylor County v. Olds, Tex.Civ.App., 67 S.W.2d 1102, 1106, we quoted from 1 Michie's Digest, p. 921, as follows: "If counsel for one party pursues a line of argument not called for by the facts of the case and in itself improper and thereby invites a reply, the party so, through counsel, violating a proper course of procedure and the rules intended to secure the proper presentation of causes ought not to be heard to complain of the reply, and in such cases the appellate courts will not reverse a judgment on an assignment of error based on such facts." A question of the application of this principle, which is one of invited error and estoppel, is here presented. Defendant's counsel in his argument said: "Now, I want to go into this case before I get through. It is the most diabolical thing that was ever presented in a court of justice in this country and everybody connected with it on behalf of the insurance company ought to be drummed out of this country. Here was a man * * *." At this point the presiding judge interrupted and admonished the jury to disregard the reference to "diabolical thing" and that certain people "ought to be drummed out of the country." Defendant excepted to the action of the court, but has presented no assignment of error based upon such action. The subject was not further mentioned by the defendant's counsel. We shall presume that the argument was improper. Whatever reasons, if any, defendant's counsel had for making the statement were not stated to the jury. Was defendant estopped to complain of argument by the attorneys of plaintiff and intervener, inflammatory in nature and castigating defendant for wanting to drum

them out of the country? We think not. The conduct of all parties implied that the court's admonition to the jury had cured the prejudicial effects of the statement. The subject was forbidden to the defendant to discuss. The jury, under the admonition of the court, was forbidden to consider it. Plaintiff's and intervener's counsel in reviving it in their argument were, in effect, asking the jury to violate its duty not to consider the matter. The rule which permits the avoidance of a reversal on account of improper argument, on the ground that it is provoked by improper argument of the adversary party cannot, we think, be extended to cover such a case.

■ Intervener, through plaintiff as a witness, endeavored to prove certain things which the Insurance Company required plaintiff to do before it paid him. Evidence of such requirements had no relevancy to the issues in the suit and was calculated, we think, to influence wrongly the verdict of the jury against the defendant.

■■ There was no error, we think, in the action of the court relating to the submission of the issue of unavoidable accident. The jury was directed "to let the form of your answer be whether 'It was not an unavoidable accident' or 'It was an unavoidable accident,' as you find the facts to be." The issue was submitted in this form: "Do you find from a preponderance of the evidence that the collision between the street car and ice truck on the occasion in question was not an unavoidable accident?" Only two answers to the question submitting the issue were possible—one, the equivalent of "yes"; the other the equivalent of "no". In many cases it has, in effect, been held that by such manner of statement of the question an affirmative or "yes" answer will be based upon a preponderance of the evidence. Obviously, the mere absence of a preponderance of the evidence to support an affirmative or "yes" answer necessarily requires a negative or "no" answer. If the jury answered "It was not an unavoidable accident" that would be an affirmative and the equivalent of a "yes" answer, and would import that it was based upon a preponderance of the evidence. If answered "It was an unavoidable accident" that would be a negative and the equivalent of a "no" answer. After all, then, the real question is whether or not the qualifying phrase "as you find the facts to be" had any nullifying or contradictory effect upon the previous requirement that

an affirmative answer should be based upon a preponderance of the evidence and, therefore, necessarily that a negative answer be based upon the absence of a preponderance of the evidence to support an affirmative answer? In our opinion, it had no such effect. Without the phrase "as you find the facts to be" the literal, express purport of the direction was to the effect that the jury could make either of said answers at will regardless of the evidence. Its purpose was to direct the jury to make one answer or the other, as the evidence required. The evidence required an affirmative answer or "It was not an unavoidable accident", only if from a preponderance thereof it showed the collision was not an unavoidable accident. It required a negative answer or "It was an unavoidable accident" unless from a preponderance thereof it appeared that the collision was not an unavoidable accident. In our opinion, the instruction, read in connection with the question as, of course, should be done, could not reasonably be misunderstood; or be understood as changing the requirement imposed by the manner of statement of the question to be answered. Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956; Southern Underwriters v. Jones, Tex.Civ.App., 137 S.W.2d 52; North East Texas Motor Lines v. Hodges, Tex. Civ.App., 141 S.W.2d 386; Eichlitz v. Allen, Tex.Civ.App., 131 S.W.2d 43; Traders & Gen. Ins. Co. v. Burns, Tex.Civ. App., 118 S.W.2d 391; Traders & Gen. Ins. Co. v. Snow, Tex.Civ.App., 114 S.W. 2d 682; Traders & Gen. Ins. Co. v. Herndon, Tex.Civ.App., 95 S.W.2d 540; Fidelity & Cas. Co. v. Branton, Tex.Civ.App., 70 S.W.2d 780.

■■■■■ In our opinion, plaintiff's trial amendment was subject to the exception urged by the defendant and overruled by the court. The purpose of the trial amendment was to allege an additional ground of recovery based upon the doctrine of discovered peril. Essential elements of such ground of recovery were not alleged nor implied from any of the allegations. Defendant's exception was not merely a general demurrer, but performed the function of both a general demurrer and special exception. It was a special exception in that it pointed out specifically certain defects in the pleading. It was a general exception in that such defects rendered the pleading insufficient, as a matter of substance to state a ground of recovery. It

was a special exception in the sense, as sometimes said, that a special exception may include a general demurrer. Such an exception, as said by Judge Townes, "always calls in question not only the legal sufficiency of the substance of the pleading, but also the form in which it is presented. Hence, it is said that a special demurrer always includes a general demurrer; or that a general demurrer only joins issue as to the substance of the pleading demurred to, but a special demurrer joins issue both as to the substance and form, and as to the latter it must point out the defects." Townes on Texas Pleading, 2d Ed., p. 531. Harris v. N. Parker & Son, Tex. Civ.App., 23 S.W.2d 745; Snow v. Gallup, 57 Tex.Civ.App. 572, 123 S.W. 222; Warner v. Bailey, 7 Tex. 517, 519. Such an exception Texas Jurisprudence, in order to avoid confusion in terminology, calls an "Exception Sui Generis." 33 Tex.Jur. 562, sec. 128.

■■■■■ In our opinion, the trial amendment was subject to a general demurrer. More certainly, however, does it appear the pleading was subject to the exception urged since such exception pointed out particulars in which the pleading, as to matter of substance, was deficient, thereby requiring, under the rule applicable to special exceptions, that the pleading be construed most strongly against its sufficiency in the matters so pointed out.

An essential element of a ground of recovery based upon discovered peril is the fact of the discovery of the peril in time, by the use of all means at hand, to avoid the injury. Northern Texas Traction Co. v. Weed, Tex.Com.App., 300 S.W. 41, and authorities cited; Furst-Edwards & Co. v. St. Louis Southwestern R. Co., Tex.Civ. App., 146 S.W. 1024; Echols v. Duke, Tex. Civ.App., 102 S.W.2d 483; Gersdorf-Sloan Ambulance Service, Inc., v. Kenty, 46 S. W.2d 469; Thurmond v. Pepper, Tex.Civ. App., 119 S.W.2d 900. Such essential element was not alleged nor implied in the allegations of the trial amendment.

Another essential element of such ground of recovery was that (after discovery of the peril, if any, in time, by the use of all means at hand, to avoid the injury) such failure, if any, was negligence (that is, was a failure to exercise ordinary care). This element was not alleged nor implied from any of the language of the pleading.

Still another element not alleged or implied was whether, in addition to the others,

the negligence, if any, was a proximate cause of the injury.

Liability under the doctrine of discovered peril involves an independent ground of recovery based upon negligence. There may be implications, and, perhaps dicta in some decisions, to the contrary. So far as we know, however, there has been no positive decision contrary to the proposition stated. Unless discovered peril involves an independent ground of recovery the questions concerning primary negligence and contributory negligence could never be rendered immaterial by findings upon issues of discovered peril. Based upon the authority of Wilson v. Southern Traction Co., 111 Tex. 361, 234 S.W. 663; Dallas Ry. & T. Co. v. Bankston, Tex.Com. App., 51 S.W.2d 304; St. Louis, B. & M. R. Co. v. Cole, Tex.Com.App., 14 S.W.2d 1024; and 30 Tex.Jur. p. 684, sec. 35 et seq., this court had occasion to say in International-Great Northern R. Co. v. Acker, Tex.Civ.App., 128 S.W.2d 506, 510, that "if the pleadings and the testimony raise the issue [issues?] of discovered peril and the jury finds upon that issue [issues] in favor of the injured party, the issues of primary negligence and contributory negligence become immaterial." It is submitted that such declaration is a correct statement of the law but could not be unless liability based upon discovered peril constitutes an independent ground of liability.

All authorities agree that a liability based upon discovered peril is a liability based upon negligence—an essential thereof being a failure, under the specified conditions, to exercise ordinary care. It follows that any ground of recovery based upon discovered peril contains, as essential elements, all the elements of any ordinary ground of recovery based upon negligence and others besides. Elements and/or parts or factors of elements of a ground of recovery under the doctrine of discovered peril may be enumerated as follows: (1) The fact of the existence of a perilous situation; (2) the discovery of the existence of same, if any, by the defendant; (3) the discovery of the peril in time, by the use of all means at hand, to avoid or lessen the injury; (4) failure to employ all means at hand to avoid or lessen the injury; (5) that such failure, if any, was negligence; (6) that such negligence, if any, was a proximate cause of the injury. By these tests it clearly appears to us

that said trial amendment failed to allege at least three essential elements of an independent ground of recovery.

Even if the trial amendment, as against the exceptions urged by the defendant and overruled by the court, was sufficient as a pleading of the independent ground of recovery, the court, nevertheless, erred, we think, in submitting the issues involved in such ground of recovery in such way as not to include in any of them the time element; or, in other words, the fact of whether the peril of plaintiff, if any, was discovered by the operator of the street car in time to prevent the collision (and consequent injury to plaintiff) by the use of all available means at hand. Authorities supra.

It is a well-recognized principle, and established rule of pleading, that where "the pleader undertakes to specify the particular act or omission constituting the negligence alleged, he is held to proof of the more specific averment." San Antonio & A. P. R. Co. v. De Ham, 93 Tex. 74, 53 S.W. 375, 376. See, also, International-Great Northern R. Co. v. Hawthorne, 131 Tex. 622, 116 S.W.2d 1056; Dallas Ry. & T. Co. v. Boland, Tex.Civ.App., 53 S.W.2d 158; Dallas Ry. & T. Co. v. Redman, Tex.Civ.App., 88 S.W.2d 136; Pullman Co. v. Berkman, Tex.Civ.App., 70 S.W.2d 839; Debes v. Greenstone, Tex. Civ.App., 247 S.W. 289, 290. Plaintiff, in his trial amendment, alleged that defendant, after discovering the alleged peril of plaintiff, "failed to use all the means at his command to prevent injury to the Plaintiff and particularly failed to apply brakes to said street car or slow the car down so as to prevent striking and injuring Plaintiff." We think the above principle applies to eliminate any issue upon the general allegation and narrowed the proper inquiry to whether defendant "failed to apply brakes to said street car and/or slow the car down." In effect, plaintiff, by the specification, said to the defendant: "Your failure to use all the means at your command to prevent the injury so far as I shall endeavor to prove consisted of your failure to apply brakes or slow the car down."

It was error, we think, for the court to submit issues as made by the general allegation and also the specific allegations thereby duplicating, in effect, the same issues, as was done. It is error to submit the same issues in legal effect more

than once, because of the undue emphasis it may give to the single issue in the consideration of the jury. Fort Worth & D. C. R. Co. v. Hambright, Tex.Civ.App., 130 S.W.2d 436; Lone Star Gas Co. v. Ballard, Tex.Civ.App., 138 S.W.2d 633, and authorities there cited; Ellis v. Lewis, Tex.Civ.App., 142 S.W.2d 294.

Special issue No. 45 was: "Do you find from a preponderance of the evidence that upon the occasion in question the Plaintiff failed to turn to his right on Guillot Street after discovering the presence of the street car?" The jury answered the issue "No." The defendant pleaded that the plaintiff was negligent in failing to turn to his right and east on Guillot Street after discovering the presence of the street car crossing Leonard Street at such intersection, and that such negligence was a proximate cause of the collision. Plaintiff alleged that he "proceeded to attempt to cross Guillot Street keeping near the curb line of Leonard Street (upon which he was driving north) that when he reached a point about half way across the street car track defendant's car struck the side of his truck", etc. Plaintiff testified in accordance with his said pleadings, and the pleadings and testimony were in contradiction of the fact that he turned east on Guillot Street. We think plaintiff was bound by his pleadings in the first place, and had his pleadings been different but his evidence the same as it was, was bound by his evidence, thus concluding the issue against him. Kimmell v. Tipton, Tex.Civ.App., 142 S.W.2d 421, and authorities there cited.

Other issues complementary of said issue No. 45 as constituting a ground of defense based upon contributory negligence were not answered by reason of the jury's answer to special issue No. 45. The result was that said ground of defense was not determined. The judgment cannot be sustained as against the defendant in the absence of its determination.

We think that defendant's fiftieth proposition should be sustained to the effect that "Since the theory of discovered peril was neither sufficiently pleaded nor submitted to support the judgment herein on such theory, and since the answer to special issue No. 45 was manifestly wrong, thereby preventing the consideration of special issues Nos. 46 and 46a, the verdict herein should have been set aside and a new trial granted."

We sustain the further proposition that plaintiff not having pleaded that the medical expenses enumerated in his petition were reasonable and necessary because of his injuries, it was fundamental error to submit to the jury the question as to what medical expenses should be allowed to the plaintiff.

From what has been said, it follows that, in our opinion, the judgment of the court below should be reversed and the cause remanded, which is accordingly so ordered.