# THE TEXAS & PACIFIC RAILWAY COMPANY V. MRS. O. J. SNIDER, ADMINISTRATRIX.

No. A-6997. Decided January 28, 1959.
Rehearing overruled March 18, 1959.
(321 S.W. 2d Series 280)

*Bibb & Green,* of Marshall, *Earl Roberts,* of Longview, *J. T. Suggs, Wm. R. McDowell, Wm. C. Dowdy* and *Tom L. Farmer,* all of Dallas, for petitioner.

*Jones, Brian & Jones,* and *Franklin Jones, Jr.,* of Marshall, *Adams & Sheppard,* of Longview, for respondent.

MR. JUSTICE CALVERT delivered the opinion of the Court.

Respondent sued petitioner Railway Company for damages for the wrongful death of her husband who was killed in a crossing accident. Trial was to a jury. Based on the jury's findings judgment was rendered for petitioner. The judgment was reversed by the Court of Civil Appeals and the cause was remanded for retrial. 315 S.W. 2d 82.

Reversal was ordered by the Court of Civil Appeals because of its conclusions that there was error in the trial court's charge and that there was an irreconcilable conflict in the jury's findings. It is our opinion that neither ground of reversal is sound, and we accordingly reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

The jury found that two negligent acts of the petitioner Railway Company were proximate causes of the collision. Those findings are unchallenged and need not be further noticed. It is the findings on issues of contributory negligence which were thought by the Court of Civil Appeals to be so conflicting as to form no sound basis for the trial court's judgment denying the plaintiff a recovery.

By way of defense to respondent's suit petitioner pleaded several acts of common law negligence and violation by Snider of Article 6701d, Sec. 86, paragraphs (c) and (d), Vernon's Annotated Texas Statutes, which reads as follows:

"Sec. 86. Whenever any person driving a vehicle approaches a railroad grade crossing, the driver of such vehicle shall stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of such railroad and shall not proceed until he can do so safely when:

\* \* \* \*

"(c) A railroad engine approaching within approximately fifteen hundred (1500) feet of the highway crossing emits a sig-

nal audible from such distance and such engine by reason of its speed or nearness to such crossing is an immediate hazard;

"(d) An approaching train is plainly visible and is in hazardous proximity to such crossing."

What we shall have to say in this opinion will be said in context with our analysis of the foregoing statute in Missouri, K. & T. Railroad Co. v. McFerrin, 156 Texas 69, 291 S.W. 2d 931.

The special issues submitting petitioner's statutory defenses are in substantial conformity with those suggested in 34 Texas Law Review 971 and are reflected in the following summary of the jury's findings: that the train was plainly visible (17) but it *was not* in hazardous proximity (18) to the crossing before Snider reached a point 15 feet from the nearest rail of the railroad track; that the train was within 1500 feet of the crossing when Snider's truck was more than 15 feet and less than 50 feet from the nearest rail of the track (23), was emitting a signal audible at the crossing (24), and *was* in hazardous proximity to the crossing (25) before Snider reached a point 15 feet from the nearest rail of the track; that Snider stopped his truck within 50 feet but not less than 15 feet from the nearest rail (26), but that after stopping he proceeded when he could not do so safely (27) and his act in so proceeding was a proximate cause of the collision (28).

A number of special issues were submitted covering petitioner's defenses based on common law negligence. Those having any material bearing on the question before us are indicated in the following summary of the jury's findings: that Snider saw the train before driving upon the track (38), and his act in thereafter driving upon the track constituted contributory negligence (39) ; that Snider heard the noise of the approaching train before attempting to drive across the track (43), and his act in thereafter attempting to drive accross the track constituted contributory negligence (44) ; that the failure of Snider to stop his truck and wait for the train immediately before driving upon the track constituted contributory negligence (47).

The jury's answers to Special Issues 18 and 25 are obviously conflicting. In answer to Special Issue 18 the jury found that the train *was not* in hazardous proximity to the crossing before Snider reached a point 15 feet from the nearest rail of the railroad track and in answer to Special Issue 25 the jury found that the train *was in* hazardous proximity to the crossing before he reached a point 15 feet from the nearest rail of the railroad

track. It was that conflict which prompted the Court of Civil Appeals to hold that the trial court's judgment could not stand.

■ A conflict in jury findings will not prevent the rendition of judgment and require a mistrial unless the findings, considered separately and taken as true, would compel the rendition of different judgments. Howard v. Howard, Texas Civ. App., 102 S.W. 2d 473, 475, writ refused; Pearson v. Doherty, 143 Texas 64, 183 S.W. 2d 453, 456; Little Rock Furniture M'fg. Co. v. Dunn, 148 Texas 197, 222 S.W. 2d 985, 991; Siratt v. Worth Construction Co., 154 Texas 84, 273 S.W. 2d 615, 616. Moreover, it is the duty of the courts to reconcile apparent conflicts in jury findings if that can reasonably be done. Ford v. Carpenter, 147 Texas 447, 216 S.W. 2d 558; 41B Texas Jur. 798.

■ The answers to Special Issues 18 and 25, as worded, have a bearing only on the statutory duties of Snider to stop within 50 feet and not less than 15 feet of the nearest rail of the railroad track and not to proceed until he could do so safely. If the train was in hazardous proximity to the crossing *before* he reached a point 15 feet from the nearest rail he was under a statutory duty to stop at not less than that distance. If the train was not in hazardous proximity to the crossing at that time he was under no such duty. M-K-T Railroad Co. v. McFerrin, 156 Texas 69, 291 S.W. 2d 931, 935. But whether the train *was* in hazardous proximity as the jury found in answer to Special Issue 25, or *was not* in hazardous proximity as the jury found in answer to Special Issue 18, the jury found in answer to Special Issue 26 that Snider *did* stop before reaching a point 15 feet from the nearest rail of the track. Whether his stop was made in obedience to the statute is immaterial. Having stopped, he was under thereafter a common law duty to exercise ordinary care for his own safety. The jury's answer to Special Issue 27 is that Snider, having stopped, then proceeded when he could not do so safely. In connection with its answer to Special Issue 27 the jury was instructed that Snider "proceeded when he could not do so safely, if he did, if under all the surrounding facts and circumstances in evidence there was such danger in proceeding that a reasonably prudent person would not have done so." The jury's finding was therefore a finding that Snider was negligent in proceeding, when he did, in his attempt to drive across the track. Its answer to Special Issue 28 is that that negligent act was a proximate cause of the collision. The conflicting answers to Special Issues 18 and 25 therefore become immaterial and must be disregarded. Millers' Ind. Underwriters v. Schrieber, Texas Civ. App., 240 S.W. 963, 968, writ refused; Border

384

State Life Ins. Co. v. Noble, Texas Civ. App., 138 S.W. 2d 119, 123, writ dismissed; 41B Texas Jur. 810, Trial, Civil Cases, Sec. 585. The fact that Special Issues 26, 27 and 28 were submitted in connection with petitioners' statutory defenses and not their common law defenses does not alter the effect of the jury's findings.

It thus appears that the jury's answers to Special Issues 18 and 25, if considered separately and taken as true, would not compel the rendition of different judgments, but, on the contrary, would lead to the same judgment. They are therefore not in such irreconcilable conflict as to require a mistrial.

In the preliminary part of his written charge to the jury the trial judge defined, in customary language, the terms "negligence," "ordinary care," "proximate cause," and "new and independent cause." He then defined the term "contributory negligence" as "such act or omission on the part of the deceased, O. J. Snider, amounting to a want of ordinary care, and, which, cooperating with or concurring with some negligent act or omission, if any, on the part of the defendant, proximately caused or proximately contributed to cause the accident in question."

We agree with the conclusion of the Court of Civil Appeals that a definition of contributory negligence should not be included in a charge. The definition given was an amalgamation of the elements of negligence and proximate cause and, whether correct or incorrect, a matter we need not here decide, could only serve to complicate what is generally regarded as a routine method of submitting simple negligence issues. The variance from normal procedure was carried over into the special issues covering petitioner's common law negligence defenses. In our summary of some of those issues it will be seen that the issues inquired only whether certain acts or omissions of Snider "constituted contributory negligence." They were not followed by issues on proximate cause, presumably because by reason of the preliminary definition of "contributory negligence" they included the element of proximate cause. But the error, if any, in the method of submitting issues covering Snider's breach of common law duties does t require a reversal of the trial court's judgment. The judgment nay rest on the jury's answers to Special Issues 26, 27 and 25. The definition of the term "contributory negligence" has no lationship to those issues. We have no reason to believe that the jury would have answered those issues differently if the definition of "contributory negligence" had not

been included in the charge. Rule 503, T.R.C.P. is therefore applicable and prohibits reversal.

Respondent objected strenuously to the multitudinous special issues submitted in the charge to the jury covering various shades and phases of the same ultimate issues. The charge was subject to the objections made and they should have been heeded. For example, Issue 30 inquired whether Snider failed to keep a proper lookout for trains approaching from the west before he turned southerly toward the crossing; Issue 32 inquired whether he failed to keep a proper lookout for trains approaching from the west while he was within forty feet of the track; Issue 34 inquired whether he failed to look to the west for approaching trains before attempting to drive across the track; Issue 36 inquired whether he failed to see the approaching train before driving upon the track, and Issue 38 inquired whether he saw the approaching train before driving upon the track. We can perceive of no sound reason why one special issue on failure of Snider to keep a proper lookout for his own safety as he approached the crossing, related to the facts and circumstances in evidence, would not have been adequate to cover all of the issues mentioned. This matter has not been preserved on appeal, however, and we mention it only in the hope that it may serve to induce trial judges to simplify special issue submission as much as the facts of the case will permit. The conflicting answers to Special Issues 18 and 25 resulted for a dual submission of what was essentially one ultimate issue.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Associate Justice Hamilton not sitting.

Opinion delivered January 28, 1959.