**James A. LEGGETT, Appellant,**

v.

**AETNA CASUALTY & SURETY COMPANY, Appellee.**

No. 3857.

Court of Civil Appeals of Texas.

Waco.

May 11, 1961.

Rehearing Denied June 8, 1961.

Otis Scruggs, Jr., Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, L. S. Carsey, Houston, for appellee.

WILSON, Justice.

Appellant asks reversal of a judgment in his favor rendered on a jury verdict in a workmen's compensation case. He contends there is a fatal conflict in answers to special issues.

The jury found the injury alleged by appellant was the producing cause of any total incapacity he sustained, and that he sustained total temporary incapacity which had existed for 47 weeks from date of injury. To the following issue: "Do you find from a preponderance of the evidence that any incapacity to labor which plaintiff may have is not caused solely by a pre-existing condition of arthritis and degenerative disc disease?" the jury answered, "We do not."

There is no irreconcilable conflict. At the time of trial and verdict the 47 weeks which the jury found the temporary total incapacity "has continued", had elapsed. Such findings were related to the past. The sole cause finding as to arthritis or disc disease was properly subject to the construction that it referred to his condition at time of trial or in the future. It dealt with any incapacity appellant "may have." Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97, 99.

It is not necessary for us to apply the rule in Bradford v. Arhelger, Tex.Sup., 340 S.W.2d 772, or the decisions referred to in the majority and dissenting opinions; neither is it necessary for us to decide whether appellant may complain of a judgment based on the maximum duration of incapacity found, where the court disregarded a finding adverse to him. It is our duty to reconcile any apparent conflict if it can reasonably be done. Texas & Pacific Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280, 282.

Other points have been fully considered and are overruled. Affirmed.