Alberta COVINGTON, a Widow, and Clara Smith, a Widow, Appellants,

v.

Kenneth HOWARD, Appellee.

No. 3820.

Court of Civil Appeals of Texas.

Waco.

June 8, 1961.

Rehearing Denied June 29, 1961.

John B. Faulkner, Waco, for appellants.

O. F. Jones, III, Waco, for appellee.

TIREY, Justice.

The action is for damages growing out of an automobile collision at the intersection of Washington and First Streets in the City of Waco. Alberta Covington, a widow, and her mother, Clara Smith, went to trial on their first amended original petition, and pertinent to this discussion they alleged that defendant, Howard, was guilty of negligence in the following particulars that proximately resulted in damages to them. They are to the effect:

(a) In failing to keep a proper lookout;

(b) In failing to apply the brakes on his car in sufficient time to avoid the collision in question;

(c) In failing to keep the car operated by him under proper control at the time and on the occasion in question;

(d) In failing to yield the right of way to the car with which he collided at the time and on the occasion in question;

(e) In failing to sound his horn to warn plaintiff at the time and on the occasion in question;

(f) In failing to turn to his right to avoid the collision in question;

(g) In operating his vehicle at an unreasonable speed under the circumstances;

(h) In operating his vehicle at a speed that was in violation of the laws of the State of Texas and the City of Waco, Texas.

Defendant went to trial on his second amended answer, and pertinent to this discussion, after his general denial, plead specifically that Alberta Covington was guilty of acts of omission and commission, each of which, acting jointly or severally, separately or concurrently, was the proximate cause of the collision and resulting injuries, if any, to her, and was also the sole cause

and a new and independent cause and a proximate contributing cause to the injuries claimed by Clara Smith. They are to the effect:

(a) Plaintiff Alberta Covington failed to see the car of defendant, Kenneth Howard, while it was crossing the Washington Street Bridge;

(b) Plaintiff Alberta Covington failed to see defendant Kenneth Howard's car as it emerged from the Washington Street Bridge;

(c) Plaintiff Alberta Covington failed to look to her left as she started across Washington Avenue;

(d) Plaintiff Alberta Covington started her automobile across Washington Avenue at a time when such movement could not be made with safety;

(e) Plaintiff Alberta Covington failed to obey the stop sign erected at the entrance to the intersection by stopping her car there;

(f) Plaintiff Alberta Covington failed to yield the right-of-way to defendant Kenneth Howard who was so close to the intersection as to constitute an immediate hazard;

(g) Plaintiff Alberta Covington failed to apply her brakes in time to avoid a collision;

(h) Plaintiff Alberta Covington failed to apply her brakes prior to the collision;

(i) Plaintiff Alberta Covington failed to turn her automobile to the right in an effort to avoid the collision.

The jury in its verdict convicted Alberta Covington, the plaintiff and the driver of the car, of negligence that proximately caused the accident and resulting injuries to her mother, Clara Smith, who was a passenger in the car, and also convicted the defendant, Howard, of negligence that proximately caused the accident and re-

sulting injuries to Clara Smith, which verdict was received by the court and the court granted defendant's motion for judgment and awarded to Clara Smith the sum of $25, being the sum found by the jury, together with legal interest from date of judgment. The court decreed that Alberta Covington take nothing and taxed her with one-half of the costs, and taxed Howard with one-half of the costs. Plaintiffs seasonably filed their motion for new trial and it being overruled have perfected their appeal to this court.

The judgment is assailed on five points; they are to the effect that the court erred:

(1) In its submission of special issues Nos. 26 and 30 and their related issues because they amounted to a dual submission of the various shades and phases of the single, ultimate and controlling issues of "proper lookout";

(2) There was no evidence to support the submission of special issues Nos. 26 and 30 and related issues;

(3) In striking and removing from the jury's consideration the medical testimony of Dr. Loyal .K. Wilson as it related to the injuries of plaintiff, Clara Smith, because his testimony was material and admissible;

(4) In allowing a police officer to testify that he did not give the defendant a ticket for driving while intoxicated because defendant was allowed to introduce evidence which was inadmissible before the jury;

(5) In failing to grant a new trial because the cumulative effect of errors probably caused the rendition of an improper verdict.

Appellant's Point 1 is substantially to the effect that the court erred in its submission of Issues 26 and 30 and their related issues because they amounted to a dual submission of the various shades and phases of the single ultimate and controlling issue of proper lookout. This point was preserved by plaintiffs' objection to the

court's charge and the error was assigned in the motion for new trial.

A statement is necessary. First of all, the defendant did not plead as a defense that Alberta Covington failed to keep a proper lookout, but did plead nine separate distinct acts of negligence against her, and specifically plead that each of these acts, jointly and severally, separately and concurrently, was a proximate cause of the collision and resulting injuries, if any, to plaintiff, and further plead that each was also the sole cause of the collision. The court did not submit the issue of proper lookout as to Alberta Covington. Issue 26 was: "Do you find from a preponderance of the evidence, if any, that plaintiff Alberta Covington failed to see the automobile of the defendant, Kenneth Howard, as it emerged from the Washington Street bridge?" to which the jury answered "Yes." The jury in answer to Issue 27 found that such failure was negligence, and further found in answer to Issue 28 that it was a proximate cause of the accident. Defendant plead specifically: "(a) Plaintiff Alberta Covington failed to see the car of defendant Kenneth Howard, while it was crossing the Washington Street Bridge; (b) Plaintiff Alberta Covington failed to see defendant Kenneth Howard's car as it emerged from the Washington Street Bridge; (c) Plaintiff Alberta Covington failed to look to her left as she started across Washington Avenue." Each allegation plead a phase or a shade of proper lookout. The Court in its charge submitted only (b) and (c). It is true that defendant in his pleading limited himself to nine separate specific acts of Alberta Covington which he said constituted negligence and a proximate cause of the accident and injuries, and did not plead that plaintiff Covington failed to keep a proper lookout.

The procedural problem presented concerning plaintiff's "lookout" as an independent ground of defense, transcends the question of whether there has been a double submission and whether there is undue emphasis on a controlling or ultimate issue in this particular case. We are of the opinion the charge submits two facets of the defensive ground of proper lookout, not pleaded as such. We do not understand defendant to contend otherwise. He admits he designedly omitted to plead failure to keep a proper lookout so as to be entitled to have pointed up in the charge an inquiry as to a specific failure to look in a particular direction and at a specific time, under the evidence; and a further general inquiry as to plaintiff's failure to see. Having elected to forego the broader issue of proper lookout in his pleading, he contends that he is entitled to two narrower ones. It is true that defendant was not required to plead plaintiff's failure to keep a proper lookout as a ground of defense in that general term. If he desired to narrow and restrict the issue to failure "to look to her left as she started across Washington Avenue," he might properly do so as in City of Fort Worth v. Lee. Having so elected, and having obtained submission of such issue, he should not be entitled to a further issue on whether plaintiff "failed to see defendant Kenneth Howard's car as it emerged from the Washington Street bridge." In effect the jury is asked to determine, first, whether plaintiff failed to look properly (or keep a proper lookout) as alleged; and again whether she negligently failed to see. The vice in the instant case is demonstrated by the fact that defendant fails to discharge the burden on the specific failure alleged (the jury having thereby negatived "lookout" as a ground of defense); and he is given a second "bite at the apple" by the issue of "failure to see."

If we held otherwise than we have done, a logical consequence would be to justify submission of an indefinite number of inquiries raised by pleadings and evidence as to "lookout"; e. g., failure to look to the left, failure to look to the right, failure to look in each direction at various stages of progress so as to encompass every conceivable combination of evidentiary circumstances—and then further submit the com-

prehensive issue as to failure to keep a proper lookout, or as here, the panoramic inquiry of whether plaintiff failed to see at a specified point in time or place.

It may be supposed that in many or most intersection collisions not the result of mechanical or human reaction failure, at least one of the drivers "failed to see." To inquire whether there is a negligent failure to see is not far from asking whether there is a failure to keep a proper lookout.

Both the Supreme Court and the Court of Civil Appeals opinions in City of Fort Worth v. Lee, 143 Tex. 551, 186 S.W.2d 954, 960, 159 A.L.R. 125; Id., 182 S.W.2d 831, 840 demonstrate clearly the peculiar fact situation giving rise to that holding. There the charge inquired as to lookout while a bicyclist "was still traveling within the street", but the court refused a requested issue which would have inquired as to lookout after he left the street, which "was perhaps of more actual importance than the character of lookout maintained while he was * * * in the street." There the error in the charge was typical of the category known as unduly limiting submission of the pleaded defense. Here it relates to multiple submission.

Appellee concedes the general rule stated in Texas & Pacific Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280, 283, might give rise to the present objection, but contends that mere double submission should not be considered erroneous. We do not feel it is a matter of degree. It is suggested the language in the Snider case is not a holding. The Court stated it wrote to induce simplification, and avoidance of problems resulting from dual submission of a single ultimate issue. Also there was submission of "failure to look" and "failure to see", as well as failure to keep a proper lookout. The language only reiterated the rule we think we are required to apply. Lone Star Gas Co. v. Ballard, Tex.Civ.App., 138 S.W. 2d 633, 636, writ refused, and cases there cited; H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S.W.2d 501, 504, writ

ref., n. r. e.; Yanowski v. Fort Worth Transit Co., Tex.Civ.App., 204 S.W.2d 1001, 1005, writ ref., n. r. e.

We are of the view that the error pointed up is harmful under Rules 434 and 503, Texas Rules of Civil Procedure. Such view requires the cause to be reversed and remanded.

We have carefully considered points 2, 3 and 4, and each is overruled. Since the cause is reversed and remanded on point 1, point 5 is overruled.

We find no occasion to disturb the judgment rendered in behalf of Clara Smith, and it is in all things affirmed. The judgment in so far as it relates to plaintiff Alberta Covington is reversed and the cause remanded, and all costs of appeal are taxed against appellee. This cause is reversed and remanded in part, and in part affirmed.