Cardell **HOLMES** and Savannah Holmes,
Petitioners,

v.

**J. C. PENNEY COMPANY, Inc., Respondent.**

No. A–10185.

Supreme Court of Texas.

July 29, 1964.

Rehearing Denied Oct. 21, 1964.

Leachman, Gardere, Akin, Porter & De-Hay, Ralph Hartman and Edward E. Crowell, Jr., with above firm, Dallas, for petitioners.

Thompson, Knight, Wright & Simmons, Pinkney Grissom, Jerry P. Jones and John A. Gilliam, with above firm, Dallas, for respondent.

CULVER, Justice.

Mrs. Savannah Holmes alleged that in descending a stairway in the J. C. Penney Company's store at McKinney, Texas, by reason of the company's negligence she was caused to fall, thereby sustaining injuries, and brings this suit for damages.

The trial court on a jury verdict rendered judgment in her favor. The Court of Civil Appeals has reversed and remanded. 378 S.W.2d 105. We now reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.

As to the matter of negligence on the part of the company, the court submitted three groups of issues all of which were answered in Mrs. Holmes' favor, namely, (1) did the defendant fail to provide a safe place for the plaintiff to walk; (2) did defendant maintain the step with a loose metal strip thereon; (3) did the defendant fail to exercise ordinary care in installing and maintaining the metal strip on the edge of the step. Corollary issues of negligence and proximate cause were, of course, included in each group.

The Court of Civil Appeals, in reversing this case, held that the first and third issues were too general and multifarious in that plaintiff had pleaded and offered proof only that the metal strip was loose and caught the heel of plaintiff's shoe which caused her fall. As to that holding we agree. When the plaintiff pleads and relies upon specific acts of negligence, it is not necessary or proper to submit issues as to negligence in general terms. The Court of Civil Appeals goes further and holds that since these issues are duplicitous and submit the same fact issue in different form and shade, they place an undue emphasis on plaintiff's right of recovery, which is so prejudicial to the defendant as to constitute reversible error.

While the question is somewhat nebulous and uncertain and one in respect to which courts may well differ, we are inclined to disagree with the Court of Civil Appeals and to hold that the error in this case is not so harmful as to require a reversal and a new trial. Under our rules appellate courts are not permitted to reverse a judgment and order a new trial unless they be of the opinion that the error of the trial court amounted to such a denial of the rights of the appellant as was reasonably calculated to and probably did cause the rendition of an improper judgment. Rules of Civil Procedure, rules 434, 503. Actually, the issues did not submit various phases or different shades of the same issue but rather embraced the fact inquired about in Issue 2 in both Issues 1 and 3. The evidence before the jury, as given by the plaintiff, was that the heel of her shoe was caught on the strip, and her shoe was pulled off of her foot. The Court of Civil Appeals holds that the findings of the jury are not against the great weight and preponderance of the evidence. We do not stand convinced that, but for the submission of Issues 1 and 3 as framed, the jury would have answered Issue No. 2 in the negative.

The cases cited and relied on by the Court of Civil Appeals do hold that the submission of duplicitous issues raising the same fact question, whether identical in language or merely in similar form, is erroneous. Covington v. Howard, Tex. Civ.App., 347 S.W.2d 802, err. ref. n. r. e.; Lone Star Gas Co. v. Ballard, Tex.Civ.App., 138 S.W.2d 633, 636, err. ref.; Dallas Ry. & Terminal Co. v. Bishop, Tex.Civ.App., 153 S.W.2d 298, 304, no wr. hist.; Ellis v. Lewis, Tex.Civ.App., 142 S.W.2d 294, no wr. hist.; Texas & Pac. Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280. But in none of these cases is that error alone held to be so harmful as to require reversal.

We do, however, take occasion to reiterate that in submitting a case upon special issues, the court should submit only

the controlling issues made by the pleadings and the evidence and is not required to submit various phases or shades of the same issue. Rule 279. Repeatedly the attention of the bench and bar has been called to this correct mode of submission. In Texas & Pacific Railway Company v. Snider, supra, we observed that the issue of the failure on the part of the plaintiff to keep a proper lookout was submitted in five different forms. The point was not raised on appeal, but we referred to that in the hope that trial judges would simplify special issue submission as much as possible. Professor Hodges in his "Special Issue Submission in Texas," Section 53, p. 133, asserts that:

> "The most serious defect in the mode of submission to the jury by special issues in Texas, and the feature which is most often criticized, is the use of too many issues in submitting a particular case. While the fault of breaking up the elements of a ground of recovery or defense into too many component elements is one of the sources of the trouble, a related and more potent cause is the practice of submitting what is substantially a single theory in several different ways, the issues of each worded in slightly different language."

The late Chief Justice James P. Alexander in a lecture before the Judicial Section, took occasion to comment as follows:[1]

> "* * * A practice has grown up, particularly in tort cases, under which the plaintiff charges the defendant with negligence on every theory capable of being drawn from the evidence, with the view of making the defendant's conduct look as ugly as possible, and with the hope of securing a favorable finding from the jury on at least one of such charges; and the defendant,

for the same purpose, and with the added hope of securing a conflict in the findings of the jury, replies in kind, but with more of it. When it comes time to submit the case to the jury, each party insists that he is entitled to have each of such theories separately submitted. The result is that an unnecessary multitude of issues is submitted to the jury. * * *"

The responsibility for avoiding multiple submission of a single theory rests mainly upon the trial judges. In a certain case the trial court submitted three sets of issues: (1) did the defendant furnish plaintiff a safe place to work; (2) did the defendant permit grease to fall on the track; and (3) did the defendant fail to keep the track free of grease. It was held that this multiple submission of a single theory was prejudicial to the defendant and should have been submitted in a single group of issues.[2] While in some instances such an error has been held harmless, this is not to say that in some cases it may very well appear to be otherwise, and either party will assume the risk of having his trial court judgment overturned.

By cross-point J. C. Penney Company insists that the Court of Civil Appeals erred in holding that the trial court correctly overruled its motion for judgment non obstante veredicto because the evidence established as a matter of law that the negligence of Mrs. Holmes in failing to heed the warning sign was the proximate cause of her fall and injuries. Prominently displayed to a person ascending the stairway was a sign reading: "SAFETY FIRST—PLEASE USE HANDRAIL". The jury found that the failure of Mrs. Holmes to heed the warning sign and to use the handrail were acts of negligence but neither was a proximate cause. We agree with the Court of Civil Appeals that the negligence found by the jury does not

---

1. See Vernon's Annotated Texas Rules of Civil Procedure, Commentaries, under Rule 279, p. 220.

2. Texas & N. O. Ry. Co. v. Pool, 263 S.W. 2d 582, Tex.Civ.App.1954, no writ.

constitute proximate cause as a matter of law. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 276; Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792; Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063. The cross-point is accordingly overruled.

For the foregoing reasons the judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

GRIFFIN, NORVELL and STEAKLEY, JJ., dissenting.

NORVELL, Justice (dissenting).

I agree with the Court that this cause was not properly submitted to the jury, but I do not agree that this improper submission was harmless. The broad general submission concerning a safe place to walk seems particularly prejudicial. Mere proof of an accident (using the term in its popular sense) is not proof of negligence. As Mrs. Holmes did not intentionally fall down, the fact that she did could well indicate that she must have been walking in an unsafe place, or could be so considered by a jury. The tendency of this form of broad submission is to effectively weaken the defendant's theory of "no negligence" on its part through use of an improper submission and pitch the battle (if any be remaining) upon the affirmative defense of contributory negligence. I also apprehend that once the general "safe place to walk" issue be answered in the affirmative, no great difficulty was or will be encountered in securing an affirmative answer to the only basic root issue that should have been submitted, namely, that relating to the alleged looseness of the metal strip upon the stairstep.

We have here another example of a time honored trial tactic which accompanied the introduction of the special issue practice in Texas, namely, getting a jury to follow along in answering general or undisputed issues until the desired answer to a vital or controlling issue is secured largely as a matter of routine rather than deliberation. This process has been likened to pulling on an old boot. Once the boot is started right at the top, there is little difficulty encountered with the heel. This maneuver is equally effective whether applied to primary negligence or contributory negligence.

Being in general agreement with the opinion of the Court of Civil Appeals, I would affirm that Court's judgment and accordingly respectfully dissent from this Court's order of reversal.

GRIFFIN and STEAKLEY, JJ., join in this dissent.