Esther BROCKENBUSH et vir, Appellants,

v.

ROCKY FORD MOVING VAN LINES, INC., et al., Appellees.

No. 11753.

Court of Civil Appeals of Texas, Austin.

April 29, 1970.

Robert S. Pieratt, Houston, Pieratt & Schneider, Allan I. Schneider, Giddings, for appellants.

Brown, Erwin, Maroney & Barber, Jack D. Maroney, Will D. Barber, Austin, for appellees.

HUGHES, Justice.

This is a damage suit growing out of a collision between a truck operated by James Pierre and a pickup truck operated by Kay Annette Brockenbush in which her mother, Esther Brockenbush, was riding. Rocky Ford Moving Van Lines, Inc., was alleged to be the owner of the truck operated by Pierre who was alleged to be its employe and at the time acting in the scope and course of his employment. Charles Brockenbush, husband of Esther Brockenbush, sought damages for loss of the pickup truck which he owned and his wife sought damages for personal injuries sustained by her in the collision which occurred in Lee County on April 19, 1968.

Trial was to a jury which returned a verdict upon which the Trial Court rendered judgment that appellants, Mr. and Mrs. Brockenbush, take nothing against appellees.

Appellants present several points, one being to the effect that error was made in admitting in evidence certain medical records from Brackenridge Hospital " * * * which were prejudicial and did not reflect the true injuries of plaintiff. * * *" The other points, three through eight, complain of the submission or manner of submission of special issues 24, 26, 28, 29 and 31.

Issues 24 and 25 found that Mrs. Brockenbush was negligent in telling her daughter to make the left turn as fast as she could and that this was a proximate cause of the collision.

Issues 26 and 27 found that the daughter who was driving the pickup attempted to turn left from a direct course upon the roadway when such movement could not be made with safety and that this was a proximate cause of the collision.

Issues 28, 29 and 30 found that the daughter drove the pickup into the path of the truck being driven by Pierre, that this was negligence (issue 29) and a proximate cause of the collision.

Issues 31 and 32 found that Esther Brockenbush was negligent in failing to warn her daughter not to turn left into the path of the truck driven by Pierre and this was a proximate cause of the collision.

Upon the trial it was stipulated by the parties that there was a joint adventure or joint enterprise, as those terms are defined by law, between Mrs. Brockenbush and her daughter, Kay Annette, at the time of the collision made the basis of this suit.

■ Under this stipulation the negligence of Kay Annette, the operator of the pickup, is imputed to appellant, Mrs. Brockenbush. Nelson v. Fulkerson, 155 Tex. 298, 286 S.W.2d 129 (1956).

■ As indicated above, the jury found that the daughter, Kay Annette, made a left turn when this could not be done with safety (See Art. 6701d, Sec. 68(a), Vernon's Ann.Tex.Civ.St.) and that she negligently drove the pickup into the path of the truck operated by Pierre and that these acts were proximate causes of the collision. These findings are challenged by appellants, however, the jury also found that the daughter, Kay Annette, failed to keep a proper lookout and that this was a proximate cause of the collision. These lookout findings of the jury are not challenged either in appellants' motion for new trial or in their brief. Appellees have a counterpoint to the effect that this being so the judgment of the Trial Court must be affirmed irrespective of the validity of any or all of appellants' points. We sustain this counterpoint and affirm the judgment of the Trial Court.

The rule we rely upon is found in Weaver v. Black, 318 S.W.2d 952, Tex.Civ.App., Beaumont, writ ref., n. r. e. (1958). There the Weavers sued Black for damages sustained as a result of an automobile collision. Judgment was for Black. On appeal the Court said:

"By their fifth and last point the appellants say that as a matter of law the failure of Mrs. Weaver to keep a proper lookout could not have been a proximate cause of the collision. They have not, however, raised any point in their brief in reference to the jury's finding that the failure of Mrs. Weaver to maintain proper control of the automobile was a proximate cause of the collision. By reason of such omission we are without authority to determine the merit of their argument relating to such jury finding. Such finding itself being sufficient to support the judgment against the appellants, it follows that a determination by us favorable to them of their point relating to the proper lookout finding would avail them nothing."

See also Texas and Pacific Railway Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280 (1959).

In this case it would avail Mrs. Brockenbush nothing should we sustain the points made by her. She still could not recover because of the unchallenged negligent finding as to her daughter which was a proximate cause of the collision and which was, in law, the negligence of Mrs. Brockenbush.

There were no issues submitted to the jury regarding damages to the pickup and no complaint is here made as to the judgment denying Mr. Brockenbush recovery for any such damages.

The judgment of the Trial Court is affirmed.

Affirmed.